No. 13-590C
(Judge Bush)

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

CAMINE J. PUCCIARIELLO,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

**DEFENDANT'S MOTION TO DISMISS**

---

STUART F. DELERY
Assistant Attorney General

BRYANT G. SNEE
Acting Director

REGINALD T. BLADES, JR.
Assistant Director

RUSSELL J. UPTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-3634
Facsimile: (202) 514-7965
russell.j.upton@usdoj.gov

Attorneys for Defendant

Of Counsel:

BRADLEY J. PREAMBLE
Trial Attorney
Litigation Division
Office of the Chief Counsel
Federal Aviation Administration
Washington, D.C. 20591

November 18, 2013

# TABLE OF CONTENTS


TABLE OF AUTHORITIES .......... ii

STATEMENT OF THE CASE .......... 1

I. Statement Of Facts .......... 1

II. Prior Proceedings .......... 4

III. The Present Case .......... 5

ARGUMENT

I. Standards Of Review .......... 7

A. Standard For Motion To Dismiss Pursuant To RCFC 12(b)(1) .......... 7

B. Standard For Motion To Dismiss Pursuant To RCFC 12(b)(6) .......... 8

II. The Court Does Not Possess Jurisdiction To Entertain Mr. Pucciariello's Claims And Cannot Grant The Requested Declaratory Or Injunctive Relief .......... 9

A. The Court Does Not Possess Jurisdiction To Entertain Mr. Pucciariello' Challenge To His DAR Termination .......... 9

B. This Court Does Not Possess Jurisdiction To Entertain Mr. Pucciariello's Due Process Claims .......... 10

C. The Court Does Not Possess Jurisdiction To Entertain Mr. Pucciariello's Breach Of Contract Claim .......... 12

D. This Court Does Not Possess Jurisdiction To Entertain Mr. Pucciariello's Injunctive And Declaratory Relief Claims .......... 14

III. Mr. Pucciariello Fails To State Valid Breach Of Contract Or Takings Claims .......... 16

A. Mr. Pucciariello Fails To State A Claim For Breach Of Contract .......... 16

B. Mr. Pucciariello Fails To State A Takings Claim .......... 18

CONCLUSION .......... 21

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Acadia Tech., Inc. v. United States*,
458 F.3d 1327 (2006)........11

*Adams v. United States*,
391 F.3d 1212 (Fed. Cir. 2004)........18

*Andrews v. Daw*,
201 F.3d 521 (4th Cir. 2000)........9

*Applegate v. United States*,
35 Fed. Cl. 406 (1996)........19

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009)........8

*Bank of Guam v. United States*,
578 F.3d 1318 (Fed. Cir. 2009)........8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)........8

*Betz v. United States*,
40 Fed. Cl. 286 (1998)........15

*Biddulph v. United States*,
74 Fed. Cl. 765 (2006)........20

*Brazos Elec. Power Coop., Inc. v. United States*,
144 F.3d 784 (Fed. Cir. 1998)........10

*Bristol Bay Area Health Corp. v. United States*,
110 Fed. Cl. 251 (2013)........9

*Brown v. United States*,
105 F.3d 621 (Fed. Cir. 1997)........7, 15

*Cambridge v. United States*,
558 F.3d 1331 (Fed. Cir. 2009)........8

*Conti v. United States*,
291 F.3d 1334 (Fed. Cir. 2002)........18

*Crocker v. United States*,
125 F.3d 1475 (Fed. Cir. 1997)....................11

*Doe v. Fed. Aviation Administration*,
432 F.3d 1259 (11th Cir. 2005)....................9

*Doko Farms v. United States*,
13 Cl. Ct. 48 (1987)....................16

*Eastport Steamship Corp. v. United States*,
372 F.2d 1002 (Cl. Ct. 1967)....................11

*Fisher v. United States*,
402 F.3d 1167 (Fed. Cir. 2005)....................8

*Fried v. Hinson*,
78 F.3d 688 (D.C. Cir. 1996)....................9, 19

*Gonzales & Gonzales Bonds & Ins. Agency, Inc. v. Dep't of Homeland Sec.*,
490 F.3d 940 (Fed. Cir. 2007)....................10

*Gonzalez-McCaulley Inv. Grp., Inc. v. United States*,
93 Fed. Cl. 710 (2010)....................14

*Gould, Inc. v. United States*,
935 F.2d 1271 (Fed. Cir. 1991)....................8

*Greenwood v. Fed. Aviation Admin.*,
28 F.3d 971 (9th Cir. 1994)....................10, 19

*Hampel v. United States*,
97 Fed. Cl. 235 (2011)....................11

*Hanlin v. United States*,
214 F.3d 1319 (Fed. Cir. 2000)....................7

*Holland v. United States*,
621 F.3d 1366 (Fed. Cir. 2010)....................12

*Holmes v. United States*,
657 F.3d 1303 (Fed. Cir. 2011)....................12, 13, 14

*James v. Caldera*,
159 F.3d 573 (Fed. Cir. 1998)....................15

*Jet, Inc. v. Sewage Aeration Systems*,
223 F.3d 1360 (Fed. Cir. 2000)....11

*John R. Sand & Gravel Co. v. United States*,
457 F.3d 1345 (Fed. Cir. 2006)....7

*Kalos v. United States*,
87 Fed. Cl. 230 (2009)....19

*Kam-Almaz v. United States*,
96 Fed. Cl. 84 (2011),
*aff'd*, 682 F.3d 1364 (Fed.Cir.2012)....11

*Karuk Tribe of Cal. v. Ammon*,
209 F.3d 1366 (Fed. Cir. 2000)....18

*Kissi v. United States*,
102 Fed. Cl. 31 (2011)....14

*Klump v. United States*,
38 Fed. Cl. 243 (1997)....20

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994)....7

*Legal Aid Soc'y of New York v. United States*,
92 Fed. Cl. 285 (2010)....15

*Marathon Oil Co. v. United States*,
17 Cl. Ct. 116 (1989)....14

*McNeil v. United States*,
78 Fed. Cl. 211 (2007)....20

*McNutt v. Gen. Motors Acceptance Corp.*,
298 U.S. 178 (1936)....7

*Members of Peanut Quota Holders Ass'n v. United States*,
421 F.3d 1323 (Fed. Cir. 2005)....18

*Montego Bay Imports, Ltd. v. United States*,
25 Cl. Ct. 639 (1992)....20

*Nwogu v. United States*,
94 Fed. Cl. 637 (2010)....11

*Papasan v. Allain*,
478 U.S. 265 (1986)....................8

*Pucciariello v. Lahood*,
No. 12-61675-CIC (S.D.Fla April 08, 2013)....................5, 8, 12

*Reg'l Rail Reorg. Act Cases*,
419 U.S. 102 (1974)....................20

*Rice v. United States*,
31 Fed. Cl. 156 (1994)....................16

*Rick's Mushroom Service, Inc. v. United States*,
521 F.3d 1338 (Fed. Cir. 2008)....................12

*Rocovich v. United States*,
933 F.2d 991 (Fed. Cir. 1991)....................7

*San Carlos Irr. and Drainage Dist. v. United States*,
877 F.2d 957 (Fed. Cir. 1989)....................14

*Schooling v. United States*,
63 Fed. Cl. 204 (2004)....................13

*Sebastian v. United States*,
185 F.3d 1368 (Fed. Cir. 1999)....................9

*Skillo v. United States*,
68 Fed. Cl. 734 (2004)....................20

*Smith v. United States*,
709 F.3d 1114 (Fed. Cir. 2013)....................11

*Suess v. United States*,
33 Fed. Cl. 89 (1995)....................15

*Tabb Lakes, Ltd. v. United States*,
10 F.3d 796 (Fed. Cir. 1993)....................20

*Tamerlane, Ltd. v. United States*,
80 Fed. Cl. 724 (2008)....................18

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007)....................9

*Terry v. United States*,
103 Fed. Cl. 645 (2012) ....................17

*Thorndike v. United States*,
72 Fed. Cl. 580 (2006) ....................16

*In re United States*,
877 F.2d 1568 (Fed. Cir. 1989)....................7

*United States v. King*,
395 U.S. 1 (1969)....................8

*United States v. Mitchell*,
445 U.S. 535 (1980)....................8

*United States v. Mitchell*,
463 U.S. 206 (1983)....................7

*United States v. Testan*,
424 U.S. 392 (1976)....................7

*Wyatt v. United States*,
271 F.3d 1090 (Fed. Cir. 2001)....................19

**FEDERAL STATUTES**

28 U.S.C. § 1491....................7, 15

49 U.S.C. § 44702....................2

49 U.S.C. § 46110.................... *passim*

**FEDERAL REGUALTIONS**

29 C.F.R. § 1614.504 ....................13

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CAMINE J. PUCCIARIELLO,** | ) | |
| **Plaintiff,** | ) | **No. 13-590C** |
| **v.** | ) | **Judge Bush** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully requests that the Court dismiss the complaint of plaintiff, Ca[r]mine J. Pucciariello, because the Court does not possess jurisdiction and the complaint fails to state a claim upon which relief can be granted.[1] In support of this motion, we rely upon Mr. Pucciariello's complaint, including its attachments, compiled here for ease of reference into the attached appendix, and the following brief.

## STATEMENT OF THE CASE

### I. Statement Of Facts

Mr. Pucciariello's dispute with the Federal Aviation Administration (FAA) started in 1997. At that time, the FAA employed Mr. Pucciariello as an Aviation Safety Inspector (Airworthiness) at the Miami Flight Standards District Office (FSDO). In December 1998, the FAA and Mr. Pucciariello entered into a settlement agreement to resolve all allegations raised by

[1] For purposes of our motion to dismiss, unless otherwise indicated, we accept as true the factual allegations set forth in the complaint and the attachments thereto. If the Court were to deny any part of this motion, we respectfully reserve the right to contest each and every factual allegation in the complaint. "Compl. ¶ __" refers to Mr. Pucciariello's original complaint, filed August 19, 2013. "A__" refers to the page numbers of the attached appendix.

Mr. Pucciariello in an Equal Employment Opportunity Commission (EEOC) complaint that he filed in 1997. Compl. ¶ 7 (A2); Sett. Agmnt. (A7-9). Under the settlement agreement, Mr. Pucciariello agreed to retire on or before February 28, 1999. Compl. ¶ 7 (A2); Sett. Agmnt. (A7-8). In exchange, the FAA agreed to appoint Mr. Pucciariello as a Designated Airworthiness Representative (DAR). Compl. ¶ 7 (A2); Sett. Agmnt. (A7-8). The settlement agreement specifically stated that Mr. Pucciariello could renew the DAR appointment upon its expiration, *provided* he complied with all of the applicable regulatory requirements *and* remained qualified to hold a DAR appointment. Compl. ¶ 7 (A2); Sett. Agmnt. (A8-9). A DAR is a private person (*i.e.*, not a federal employee) who issues aircraft airworthiness certificates and conducts airworthiness inspections, testing, and examinations on behalf of the FAA. 49 U.S.C. § 44702(d)(1). The FAA Administrator may terminate a DAR appointment "at any time and for any reason the Administrator considers appropriate." 49 U.S.C. § 44702(d)(2).

Mr. Pucciariello retired on or before February 28, 1999. Compl. ¶ 8 (A2). On December 3, 1998, the FAA appointed Mr. Pucciariello as a DAR. Compl. ¶ 8 (A2); Dec. 3, 1998 Letter from FAA to Mr. Pucciariello (A10). Mr. Pucciariello satisfactorily performed his DAR functions for many years. On January 25, 2012, however, the FAA terminated Mr. Pucciariello's DAR appointment after finding that he lacked the competency to comply with the applicable regulatory requirements, particularly with regard to export airworthiness certifications. Compl. ¶¶ 3-5, 9, 15 (A2); Jan. 25, 2012 Letter from FAA to Mr. Pucciariello (A15-16).

The events leading to the FAA's decision to terminate Mr. Pucciariello's DAR appointment began on January 8, 2012, when Mr. Pucciariello contacted the South Florida FSDO by email with questions relating to the export of a Robinson Helicopter, model R-22, registry number N4491U. Jan. 25, 2012 Letter (A15). Over the next two days, Mr. Pucciariello sent

multiple emails to the South Florida FSDO about the helicopter certification. *Id.* Based upon these emails, officials at the South Florida FSDO became concerned about Mr. Pucciariello's competency to handle his DAR functions and instructed Mr. Pucciariello to cease any activity on the certification until a meeting was held. *Id.*

The meeting between FAA inspectors and Mr. Pucciariello took place on January 18, 2012. *Id.* The purpose of the meeting was to discuss Mr. Pucciariello's capabilities and to determine whether he needed remedial training. *Id.* FAA inspectors and Mr. Pucciariello discussed the pending export of the Robinson helicopter to Brazil. *Id.* Over the course of the discussion, Mr. Pucciariello's answers to questions by the FAA inspectors revealed his lack of competence. *Id.* First, Mr. Pucciariello provided out-of-date FAA regulatory guidance documents and failed to reference the Implementation Procedures Agreement (IPA) between the United States and Brazil. *Id.* Second, Mr. Pucciariello provided the inspectors with a copy of FAA Form 8130-4, Export Certificate of Airworthiness, for the Robinson helicopter. *Id*. The type certificate number and revision level were not referenced on the form. *Id*. The inclusion of this reference was required by FAA Order 8130.2G paragraph 512(e) and the IPA. *Id.* Third, Mr. Pucciariello failed to specify the date on which he conducted an examination of the Robinson Helicopter, as required by FAA Order 8130.2G, paragraph 506(d) and FAA Form 8130.4. *Id.*

Further questioning of Mr. Pucciariello also raised concerns about Mr. Pucciariello's credibility. *Id.* Mr. Pucciariello provided the FAA inspectors with photographs of the helicopter. *Id.* Mr. Pucciariello indicated that the photographs were taken by himself and a dealer at Seacoast Helicopters. *Id.* The photographs showed the helicopter outside of a hangar, and one photograph showed the helicopter loaded in a shipping container. *Id.* The inspectors

asked Mr. Pucciariello twice whether the helicopter had been fully assembled when he conducted the conformity and certification checks. *Id*. On both occasions, Mr. Pucciariello indicated that the helicopter had been fully assembled. *Id.* A follow up discussion with the helicopter's owner revealed, however, that Mr. Pucciariello only inspected the helicopter after it had been disassembled, placed on shipping skids, and had its rotor blades removed. *Id.* FAA Order 3130.2G requires all new aircraft presented for export approval to be completely assembled and flight tested. *Id.*

Based on these events, the South Florida FSDO decided to terminate Mr. Pucciariello's DAR appointment and advised him by letter dated January 25, 2012. *Id.* The letter set forth the basis for termination and further advised Mr. Pucciariello of his administrative appeal rights: "You may submit a request for appeal in writing to this office no later than 14 calendar-days from the date of receipt of this letter. At that time, you should include any evidence or statement concerning this matter with your written request for appeal." *Id.*

## II. <u>Prior Proceedings</u>

Mr. Pucciariello submitted a timely administrative appeal on February 6, 2012. Compl. ¶ 16 (A4). After reviewing the reasons provided by the South Florida FSDO and Mr. Pucciariello's appeal submission, the appeal panel upheld the South Florida FSDO's decision to terminate Mr. Pucciariello's DAR appointment. Compl. ¶ 17 (A4); Mar. 29, 2012 Letter from FAA to Mr. Pucciariello (A17). The FAA notified Mr. Pucciariello of the appeal panel's decision by letter dated March 29, 2012. Mar. 29, 2012 Letter (A17). Mr. Pucciariello did not file a petition for review of the FAA's final decision within sixty days in either the "United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which [Mr. Pucciariello] resides," as is required by 49 U.S.C.

§ 46110. Order, *Pucciariello v. Lahood*, No. 12-61675-CIC (S.D.Fla), at 1 n.1 (April 8, 2013) (A18).[2]

On August 27, 2012, nearly five months after the appeal panel's decision, Mr. Pucciariello filed a complaint in the United States District Court for the Southern District of Florida, alleging violations of due process arising out of his DAR termination. *Pucciariello v. Lahood*, No. 12-61675-CIC (S.D.Fla). The Government filed a motion to dismiss for lack of subject-matter jurisdiction, arguing that the United States courts of appeals have exclusive jurisdiction over the review of the termination of Mr. Pucciariello's DAR appointment under 49 U.S.C. § 46110(a). The court agreed that it did not possess subject-matter jurisdiction over the complaint and dismissed without leave to amend on those grounds and also by default because Mr. Pucciariello never responded to the Government's motion to dismiss. Order, at 1 n.1 (A18).

## III. The Present Case

Mr. Pucciariello filed a complaint in this Court on August 19, 2013. Compl. (A1). Despite a failed attempt to file his first amended complaint on August 27, 2013, Dkt. No. 6 (returning first amended complaint as unfiled), Mr. Pucciariello's original complaint remains the active pleading in this case.

In his Complaint, Mr. Pucciariello alleges that his action is "an action for 5th Amendment taking of property without just compensation, and without complying with procedural due process and written procedural rules and regulations designated to protect the Plaintiff." Compl. ¶ 1 (A1). The complaint continues, stating that Mr. Pucciariello's "specific claims are based on [the] Government's breach of an explicit written settlement agreement where Plaintiff agreed to

[2] The United States courts of appeals possess exclusive jurisdiction over final orders with respect to the FAA Administrator's safety duties and powers, including designee appointment terminations. 49 U.S.C. § 46110(a).

retire and the FAA agreed to assign him as an FAA [DAR]." *Id.* Nominally, Mr. Pucciariello asserts only two counts, the first for "Breach of Contract," Compl. ¶¶ 7-10 (A2), and the second for "Unjust Taking Without Due Process." Compl. ¶¶ 11-18 (A3-4). His "Breach of Contract" claim, however, asserts a breach based upon "terminating Plaintiff's DAR without due process or cause," Compl. ¶ 9 (A2), and because the termination was "arbitrary, capricious, and otherwise in violation of law." Compl. ¶ 10 (A2). As for Mr. Pucciariello's takings claim, it is based upon the FAA's termination of his DAR allegedly without due process. Compl. ¶¶ 12, 13, 17, 18 (A3-4).

Accordingly, counsel reads Mr. Pucciariello's complaint to be potentially asserting four claims: (1) breach of contract; (2) 5th Amendment taking; (3) violation of due process; and (4) arbitrary and capricious agency action. Conspicuously absent from the complaint is an assertion that this Court possesses jurisdiction over Mr. Pucciariello's claims, a violation of RCFC 8(a)(1).

Mr. Pucciariello specifies the harm that he has allegedly suffered as "loss of earning . . .," "loss of future earnings . . . ," and "loss of earning capacity from improper termination of his DAR-T," as well as "loss of reputation in the aviation industry." Compl. ¶ 19 (A4-5). For these claims and the harm that Mr. Pucciariello has allegedly suffered, he seeks first and foremost "declaratory relief concluding that the United States Government removed him as a DAR in violation of its written agreement and in violation of Plaintiff's procedural due process rights." Compl. ¶ 2 (A1); ¶ 22 (A5) (seeking "[i]njunctive relief enjoining the FAA from denying Plaintiff his right to a meeting to appeal termination of his designation (DAR)"). He also seeks "damages or restitution to compensate him for his losses and interest and attorney's fees for the United States Government's wrongful acts." Compl. ¶ 2 (A1); ¶¶ 20-21 (A5) (seeking "[m]onetary damages . . . [and] [d]amages for loss of reputation").

## ARGUMENT

### I. Standards Of Review

#### A. Standard For Motion To Dismiss Pursuant To RCFC 12(b)(1)

Under RCFC 12(b)(1), the Court must dismiss claims when subject matter jurisdiction is lacking. *See id.* The plaintiff bears the burden to establish this Court's jurisdiction by a preponderance of the evidence, *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *John R. Sand & Gravel Co. v. United States*, 457 F.3d 1345, 1353 (Fed. Cir. 2006), and is required to make non-frivolous allegations of facts to support the Court's jurisdiction. *Hanlin v. United States*, 214 F.3d 1319, 1321 (Fed. Cir. 2000). In considering a motion to dismiss, a claim is presumed to lie outside of this Court's limited jurisdiction, and the burden of establishing the contrary rests upon the plaintiff. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Moreover, when considering a RCFC 12(b)(1) motion, the Court may look beyond the pleadings and "inquire into jurisdictional facts." *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991).

With the exception of the Supreme Court, Federal courts possess only the jurisdiction granted to them by Congress. *In re United States*, 877 F.2d 1568, 1571 (Fed. Cir. 1989). "The Court of Federal Claims is a court of limited jurisdiction." *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). Pursuant to the Tucker Act, this Court possesses jurisdiction to consider claims "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1); *United States v. Mitchell*, 463 U.S. 206 (1983). The Tucker Act creates no substantive right enforceable against the United States. *United States v. Testan*, 424 U.S. 392 (1976). Therefore, "a plaintiff must identify a separate source of substantive law that creates the right to money

damages," *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*), which must be for "actual, presently due money damages from the United States." *United States v. King*, 395 U.S. 1, 3 (1969). Any grant of jurisdiction to this Court must be construed strictly, and all conditions placed upon such a grant must be satisfied before the Court may accept jurisdiction. *United States v. Mitchell*, 445 U.S. 535, 538 (1980).

**B. Standard For Motion To Dismiss Pursuant To RCFC 12(b)(6)**

In ruling upon a motion to dismiss for failure to state a claim, the Court must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff. *Cambridge v. United States,* 558 F.3d 1331, 1335 (Fed. Cir. 2009) (citing *Papasan v. Allain*, 478 U.S. 265, 283 (1986)); *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991). "In order to avoid dismissal for failure to state a claim, the complaint must allege facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief.'" *Bank of Guam v. United States,* 578 F.3d 1318, 1326 (Fed. Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

Mr. Pucciariello's complaint includes two attachments, Compl. ¶ 7 (referencing Attachment A); Compl. ¶ 8 (referencing Attachment B), each consisting of several documents, including the 1998 settlement agreement at the center of this dispute as well as various correspondence between either the Federal Aviation Administration (FAA) or the Department of Transportation, Civil Rights Departmental Office and Mr. Pucciariello. The Court may consider these attachments as well as an order from a related case, *Pucciariello v. Lahood*, No. 12-61675-CIC (S.D.Fla), without converting this motion to dismiss into one for summary judgment. "[I]t

is well established that, in addition to the complaint itself and attached exhibits, the court 'must consider . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Bristol Bay Area Health Corp. v. United States*, 110 Fed. Cl. 251, 262 (2013) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). "In deciding whether to dismiss a complaint under Rule 12(b)(6), the court may consider matters of public record." *Sebastian v. United States*, 185 F.3d 1368, 1374 (Fed. Cir. 1999). Therefore, "a court may take judicial notice of facts from a prior judicial proceeding . . . ." *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000). Even if Mr. Pucciariello had not attached the 1998 settlement agreement to his complaint, the Court could still consider it without converting this motion. *Bristol Bay Area Health Corp.*, 110 Fed. Cl. at 262 ("Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint."). Also, a claim founded upon a contract must identify the substantive provisions of the contract on which the party relies. RCFC 9(k).

## II. The Court Does Not Possess Jurisdiction To Entertain Mr. Pucciariello's Claims And Cannot Grant The Requested Declaratory Or Injunctive Relief

### A. The Court Does Not Possess Jurisdiction To Entertain Mr. Pucciariello's Challenge To His DAR Termination

The United States Court of Appeals for the District of Columbia Circuit, or for the circuit in which Mr. Pucciariello resides, possess exclusive jurisdiction to review Mr. Pucciariello's DAR termination and any related constitutional claims. 49 U.S.C. § 46110; *Doe v. Fed. Aviation Administration*, 432 F.3d 1259, 1263 (11th Cir. 2005) (district court lacks subject-matter jurisdiction over constitutional claims related to FAA final orders reviewable exclusively in the courts of appeals); *Fried v. Hinson*, 78 F.3d 688, 691-92 (D.C. Cir. 1996) (reviewing

constitutional claims asserted by the petitioner directly in the courts of appeals); *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 975-77 (9th Cir. 1994) (reviewing constitutional claims asserted by the petitioner directly in the courts of appeals). Mr. Pucciariello, however, failed to file a petition for review of the FAA's final decision in the courts of appeals within sixty days, as required by 49 U.S.C. § 46110. Order, at 1 n.1 (A18). Having missed this deadline, Mr. Pucciariello now seeks to circumvent 49 U.S.C. § 46110 by filing a complaint in this Court. This Court does not possess jurisdiction to consider Mr. Pucciariello's appeal of his DAR termination and should, therefore, dismiss his complaint.

### B. This Court Does Not Possess Jurisdiction To Entertain Mr. Pucciariello's Due Process Claims

Mr. Pucciariello also asserts due process claims in this Court, as well as seeks review of those same claims by masquerading them as both a "breach of contract" claim and an "unjust taking" claim. "Count I – Breach of Contract" states, "[d]efendant breached the terms of the settlement agreement by terminating Plaintiff's DAR *without due process*." Compl. ¶ 9 (A2) (emphasis added). Similarly, "Count II – Unjust Taking *Without Due Process*," Compl. (A3) (emphasis added), characterizes Mr. Pucciariello's termination as a taking because the settlement agreement allegedly "created a property right and property interest" in Mr. Pucciariello's DAR appointment, Compl. ¶ 11 (A3), which the FAA terminated without "due process." Compl. ¶¶ 12, 13, 17, 18 (A3-4). Despite Mr. Pucciariello's pleading, the Court should read all of Mr. Pucciariello's claims as due process claims. *Gonzales & Gonzales Bonds & Ins. Agency, Inc. v. Dep't of Homeland Sec.*, 490 F.3d 940, 944 (Fed. Cir. 2007) ("In determining whether a claim is for monetary relief, a court must look beyond the form of the pleadings to the substance of the claim."); *Brazos Elec. Power Coop., Inc. v. United States*, 144 F.3d 784, 787 (Fed. Cir. 1998)

("Court of Federal Claims jurisdiction cannot be circumvented by such artful pleading and, accordingly, we customarily look to the substance of the pleadings rather than their form.").

This Court, however, does not possess jurisdiction to entertain Mr. Pucciariello's due process claims because the Tucker Act does not grant this Court the authority to hear "every claim involving or invoking the Constitution." *Eastport Steamship Corp. v. United States,* 372 F.2d 1002, 1007 (Cl. Ct. 1967). The Fifth Amendment Due Process Clause is not money-mandating, and claims based upon that provision are beyond the jurisdiction of the Court. *Nwogu v. United States*, 94 Fed. Cl. 637, 649 (2010) (citing *Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997)); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the due process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act."). Due process claims "must be heard in District Court." *Kam–Almaz v. United States,* 96 Fed. Cl. 84, 89 (2011) (citing *Acadia Tech., Inc. v. United States*, 458 F.3d 1327, 1334 (2006)); *see also Hampel v. United States,* 97 Fed. Cl. 235, 238 (2011). Accordingly, this Court should dismiss Mr. Pucciariello's complaint in its entirety for lack of jurisdiction.

Mr. Pucciariello's due process claims, whether pleaded as such or otherwise, should also be dismissed under the doctrine of *res judicata,* a doctrine under which "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Jet, Inc. v. Sewage Aeration Systems,* 223 F.3d 1360, 1362 (Fed. Cir. 2000). "A second suit will be barred by claim preclusion if: (1) there is identity of parties (or their privies); (2) there has been an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as the first." *Id.* There is no dispute that there is an identity of parties between Mr. Pucciariello's prior lawsuit and his current one.

Moreover, Mr. Pucciariello has again asserted due process violations based upon the FAA's termination of his DAR, just as he did previously. Finally, when Judge Cecilia M. Altonaga granted the Government's motion to dismiss in that case, she made clear that she was doing so "by default . . . and *on the merits*." Order, *Pucciariello v. Lahood*, No. 12-61675-CIC (S.D.Fla), at 1 n.1 (April 8, 2013) (emphasis added). Accordingly, the judgment upon the merits in Mr. Pucciariello's prior lawsuit in the Southern District of Florida operates as a bar to his due process claims here.

### C. The Court Does Not Possess Jurisdiction To Entertain Mr. Pucciariello's Breach Of Contract Claim

The Court should also dismiss Mr. Pucciariello's complaint because Mr. Pucciariello does not seek redress under a money-mandating provision of the settlement agreement at issue, *see Holmes v. United States*, 657 F.3d 1303, 1315 (Fed. Cir. 2011), nor does he satisfy the pleading requirements of RCFC 9(k).

Although contracts often contemplate money damages in the event of a contract breach, the Federal Circuit has made clear that "[t]he government's consent to suit under the Tucker Act does not extend to every contract." *Rick's Mushroom Service, Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (citation omitted); *Holmes*, 657 F.3d at 1314 (quoting *Rick's Mushroom*). The Federal Circuit has endorsed the propriety of applying the Tucker Act's "money-mandating" requirement to a breach of contract claim arising from an EEOC settlement agreement, and hence requiring a demonstration that the agreement can fairly be interpreted as contemplating money damages in the event of breach. *Holmes*, 657 F.3d at 1315.; *accord Holland v. United States*, 621 F.3d 1366, 1374 (Fed. Cir. 2010) (contract interpretation is a question of law).

Despite ruling that the contract provisions at issue in *Holmes* were money-mandating, the Federal Circuit "readily accept[ed] that settlement of a Title VII action involving the government could involve purely nonmonetary relief." *Holmes*, 657 F.3d at 1315. The Federal Circuit elaborated that "[i]ndeed . . . money damages appear not to be the routine remedy for the breach of a settlement agreement involving an employment dispute" because "[t]ypically, the employee's remedy is enforcement of the settlement terms or rescission of the settlement agreement and reinstatement of the underlying action." *Id*. at 1315 n.8; *see also* 29 C.F.R. § 1614.504 (providing such remedies for breaches of EEO settlements); *Schooling v. United States*, 63 Fed. Cl. 204, 208 (2004) (ruling Court did not possess jurisdiction because plaintiff alleged breach of a non-monetary provision of settlement agreement).

*Holmes* dictates that the Court dismiss Mr. Pucciariello's complaint. Mr. Pucciariello's complaint alleges that the FAA breached the settlement agreement because the FAA terminated Mr. Pucciariello's DAR. Yet, the settlement agreement specifically stated that Mr. Pucciariello could renew the DAR appointment upon its expiration, *provided* he complied with all of the applicable regulatory requirements *and* remained qualified to hold a DAR appointment. Compl. ¶ 7 (A2); Sett. Agmnt. (A8-9). In *Holmes*, the settlement agreements were found to inherently relate to monetary compensation through a relationship to future employment and, thus, were considered money-mandating. By contrast, here, the settlement agreement did not provide a guarantee of a perpetual DAR appointment. Had it done so, the situation may mirror *Holmes*, because then Mr. Pucciariello could claim the settlement agreement inherently related to monetary compensation through a relationship to future employment using his DAR. But it did not. Thus, the settlement agreement cannot be considered money-mandating. Instead, the settlement agreement contemplates only the "routine remedy" (in the Federal Circuit's

terminology) of either enforcement or rescission of the settlement agreement's terms. *Holmes*, 657 F.3d at 1315. Because this is not a case in which the parties' settlement agreement contemplated a monetary remedy in the event of breach, it is not properly before this Court.

Additionally, Mr. Pucciariello has failed to satisfy the pleading requirements of RCFC 9(k), which requires that "[i]n pleading a claim founded on a contract . . . a party must identify the substantive provisions of that contract . . . on which the party relies." *Id.*; *see also Gonzalez-McCaulley Inv. Grp., Inc. v. United States*, 93 Fed. Cl. 710, 715 (2010) ("[T]here is a minimum burden for Plaintiff, in asserting a breach of contract claim, to explicitly identify the provisions and terms of the contract that have been breached."); *San Carlos Irr. and Drainage Dist. v. United States*, 877 F.2d 957, 959 (Fed. Cir. 1989) ("To recover for breach of contract, a party must establish . . . an obligation or duty arising out of the contract [and] a breach of that duty . . . ."). While Mr. Pucciariello did attach the settlement agreement to his complaint, he has not specifically identified the substantive provision of the settlement agreement that the FAA has allegedly breached. Instead, Mr. Pucciariello merely states that the breach is based upon "terminating Plaintiff's DAR without due process or cause," Compl. ¶ 9 (A2), and because the termination was "arbitrary, capricious, and otherwise in violation of law." Compl. ¶ 10 (A2). Because Mr. Pucciariello fails to comply with RCFC 9(k), the Court does not possess jurisdiction to consider his breach of contract claim. *Kissi v. United States*, 102 Fed. Cl. 31, 35 (2011); *Gonzalez-McCaulley Inv. Grp., Inc.*, 93 Fed. Cl. at 715.

### D. This Court Does Not Possess Jurisdiction To Entertain Mr. Pucciariello's Injunctive And Declaratory Relief Claims

The Court does not possess jurisdiction to address Mr. Pucciariello's injunctive and declaratory relief claims. Compl. ¶ 2 (A1) and ¶ 22 (A5); *Marathon Oil Co. v. United States*, 17 Cl. Ct. 116, 119 (1989) (stating that the Claims Court "specifically does not have general power

to enter declaratory or injunctive relief"). The Court may award equitable relief only under certain statutorily defined circumstances. *Suess v. United States*, 33 Fed. Cl. 89, 92 (1995) ("[A]bsent statutory authorization, this court cannot grant equitable relief."). As a general rule, the Tucker Act does not provide independent jurisdiction over claims for equitable relief. *Brown*, 105 F.3d at 624; *Betz v. United States*, 40 Fed. Cl. 286, 291 (1998).

Congress has amended the Tucker Act to create two exceptions to this general rule, only one of which could possibly apply to this case.[3] In 1972, Congress amended 28 U.S.C. § 1491:

> To provide an entire remedy and to complete the relief afforded by the judgment, the Court may, *as an incident of and collateral to* any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States.

28 U.S.C. § 1491(2)(emphasis added). "[A]s an incident of and collateral to" limits the Court's equitable powers to situations when equitable relief is "tied and subordinate to a money judgment." *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998).

For example, the Court has the power to provide equitable relief "in cases where an audit or some other procedure is necessary to arrive at a money judgment." *Legal Aid Soc'y of New York v. United States*, 92 Fed. Cl. 285, 301 (2010). "The Court [] does not have jurisdiction to issue [a] declaratory judgment [or injunctive relief], where such relief is the primary focus of the suit." *Thorndike v. United States*, 72 Fed. Cl. 580, 583 (2006). Thus, the dispositive question is

---

[3] Not applicable to this case, the second exception – enacted by the Alternative Dispute Resolution Act of 1996 – gives the Court of Federal Claims the ability to "award any relief that the Court considers proper, including declaratory and injunctive relief" in "an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement." 28 U.S.C. § 1491(b).

"whether the declaratory [or injunctive] relief sought by the plaintiff is the primary or collateral focus of his [or her] suit." *Rice v. United States*, 31 Fed. Cl. 156, 164 (1994).

This Court has previously found that it did not possess jurisdiction in several cases when plaintiffs' primary goals were equitable. *See, e.g.*, *Thorndike*, 72 Fed. Cl. at 583-83 (finding no jurisdiction when plaintiff's primary goals were orders related to relief from paying federal income taxes); *Rice*, 31 Fed. Cl. at 164 (finding no jurisdiction when plaintiff's primary goal was retroactive retirement from the military); *Doko Farms v. United States*, 13 Cl. Ct. 48, 59 (1987) (finding no jurisdiction when plaintiff's primary goals were orders related to extinguishing plaintiff's alleged debt to the Government).

Mr. Pucciariello's demands for injunctive and declaratory relief are aimed at having his DAR appointment reinstated. That is the primary goal of his lawsuit. Mr. Pucciariello's demands for declaratory and injunctive relief are equitable and not monetary. The Court should, therefore, dismiss Mr. Pucciariello declaratory and injunctive relief claims.

## III. <u>Mr. Pucciariello Fails To State Valid Breach Of Contract Or Takings Claims</u>

### A. <u>Mr. Pucciariello Fails To State A Claim For Breach Of Contract</u>

If the Court were to view Mr. Pucciariello's breach of contract claim as more than a disguised due process claim, Mr. Pucciariello would still fail to state a claim for breach of the settlement agreement.

Mr. Pucciariello has failed to allege any facts that, if true, would demonstrate a breach of the settlement agreement. Under the settlement agreement, Mr. Pucciariello agreed to retire from the FAA on or before February 28, 1999, and the FAA agreed to appoint Mr. Pucciariello as a DAR. Compl. ¶ 7 (A2); Sett. Agmnt. (A7-8). Following execution of the settlement agreement, Mr. Pucciariello retired on or before February 28, 1999, Compl. ¶ 8 (A2), and, on December 3,

1998, the FAA appointed Mr. Pucciariello as a DAR. *Id.*; Dec. 3, 1998 Letter from FAA to Mr. Pucciariello (A10). Both parties fulfilled their obligations under the settlement agreement.

Mr. Pucciariello alleges a breach of the settlement agreement because, thirteen years later, the FAA terminated his DAR appointment. The settlement agreement specifically stated that Mr. Pucciariello could renew the DAR appointment upon its expiration, *provided* he complied with all of the applicable regulatory requirements *and* remained qualified to hold a DAR appointment. Compl. ¶ 7 (A2); Sett. Agmnt. (A8-9). DAR appointments are issued for periods of 1 to 3 years. FAA Order 8100.8D, ¶ 1414(a);[4] FAA Order 8900.1, Vol. 13, Chap. 1, Sec. 1, ¶ 13-406(C).[5] Presumably, the FAA renewed Mr. Pucciariello's DAR at least several times before terminating it in 2012. But, in 2012, the FAA determined that Mr. Pucciariello was not still qualified to hold a DAR appointment; a determination that the settlement agreement did not foreclose. To be clear, the settlement agreement did not provide a guarantee of a perpetual DAR appointment, something that simply does not exist. FAA Order 8900.1, Vol. 13, Chap. 1, Sec. 1, ¶ 13-406(C). There is, thus, no provision of the settlement agreement that Mr. Pucciariello can claim the FAA breached when it terminated his DAR in 2012. *See Terry v. United States*, 103 Fed. Cl. 645, 655 (2012) ("[W]hen a conflict between the contents of an exhibit and the allegations of a complaint arises, the exhibit typically controls."). Mr. Pucciariell's breach of contract claim should, therefore, be dismissed for failure to state a claim. *See id.* at 657 ("The court is not bound to accept plaintiff's allegations concerning the effect of her concession contract, which are conclusory, speculative, and contrary to the terms thereof.").

---

[4] See: http://www.faa.gov/documentLibrary/media/Order/FAA%20Order%208100.8D.pdf.

[5] See: http://fsims.faa.gov/PICDetail.aspx?docId=8900.1,Vol.13,Ch5,Sec1.

### B. Mr. Pucciariello Fails To State A Takings Claim

If the Court were to view Mr. Pucciariello's takings claim as more than a disguised due process claim, Mr. Pucciariello would still fail to state a claim for a constitutional taking. The Federal Circuit has held that, to evaluate whether a governmental action constitutes a taking of private property without just compensation, a court must first determine whether the claimant has established a property interest for purposes of the Fifth Amendment. *Members of Peanut Quota Holders Ass'n v. United States*, 421 F.3d 1323, 1329 (Fed. Cir. 2005) (citing *Conti v. United States*, 291 F.3d 1334, 1339 (Fed. Cir. 2002)); *see also Tamerlane, Ltd. v. United States*, 80 Fed. Cl. 724, 737 (2008). Once a property interest has been established, the court must then determine whether a part or a whole of that interest has been appropriated by the Government for the benefit of the public. *Id.* Stated otherwise, "[i]n evaluating a takings claim . . . [f]irst, [the court must] determine whether the claimant possessed a cognizable property interest in the subject of the alleged taking for purposes of the Fifth Amendment, *i.e.*, whether the claimant possessed a 'stick in the bundle of property rights.'" *Adams v. United States*, 391 F.3d 1212, 1218 (Fed. Cir. 2004) (citing *Karuk Tribe of Cal. v. Ammon*, 209 F.3d 1366, 1374 (Fed. Cir. 2000)). Once it has been determined that such a property interest exists, the court must decide "whether the governmental action at issue constituted a taking of that stick." *Adams*, 391 F.3d at 1218 (quoting *Karuk Tribe*, 209 F.3d at 1374).

Mr. Pucciariello cannot state a valid takings claim because he cannot establish a property interest in his DAR appointment. That is because designees do not have a property interest in their appointments. FAA Order 8100.8D, ¶ 701(o) ("[D]esignation is a privilege, not a right, and at the time of appointment there is no property right to be implied by the appointment."); ¶ 1108(a) ("A designation is a privilege, not a right."); ¶ 1414(b)(1) (same). Indeed, the courts of

appeals have held that FAA designees do not have a property interest in their appointments. *Fried*, 78 F.3d at 692. (designee did not have property interest in appointment); *Greenwood*, 28 F.3d 971 at 976 (9th Cir. 1994) (designee did not have property or liberty interest in appointment). Therefore, Mr. Pucciariello cannot establish a cognizable property interest in his designee appointment.

Nor can Mr. Pucciariello establish a property interest by virtue of his EEOC settlement agreement with the FAA. On its face, the agreement does not alter the controlling FAA policy that designee appointments do not create a property interest. In fact, the settlement agreement indicated that Mr. Pucciariello may renew his appointment "*provided* he otherwise satisfies all regulatory requirements in place" and was otherwise qualified to hold a DAR appointment. Compl. ¶¶ 6 -7 (A8) (emphasis added). Under this language, the FAA retained its ability to terminate Mr. Pucciariello's designee appointment if he did not comply with the applicable regulatory requirements. "No claimant may ever claim compensation for an interest which he does not own." *Applegate v. United States*, 35 Fed. Cl. 406, 420 (1996); *Wyatt v. United States*, 271 F.3d 1090, 1096 (Fed. Cir. 2001) ("It is axiomatic that only persons with a valid property interest at the time of the taking are entitled to compensation.") (citations omitted). Therefore, Mr. Pucciariello cannot claim compensation for a property interest that does not exist.

Even if the Court were to conclude that Mr. Pucciariello has pleaded a cognizable property interest, it should still dismiss the takings claim because such claims are premised on lawful governmental action. Mr. Pucciariello alleges the opposite, namely, that the FAA's termination of his DAR appointment was arbitrary, capricious and thus contrary to law. Compl. ¶ 10 (A2). At its core, "Tucker Act jurisdiction over Fifth Amendment takings claims is premised on the requirement that the government action was legitimate." *Kalos v. United*

*States*, 87 Fed. Cl. 230, 237 (2009); *see also Klump v. United States*, 38 Fed. Cl. 243, 247 (1997) ("To the extent that federal agents acted in a manner inconsistent with their authority under federal law, plaintiff may not seek redress under the Fifth Amendment's takings clause because the takings clause applies only to authorized government actions."); *McNeil v. United States*, 78 Fed. Cl. 211, 236 (2007) (citing *Reg'l Rail Reorg. Act Cases,* 419 U.S. 102, 126-27 & n. 16 (1974); *Tabb Lakes, Ltd. v. United States,* 10 F.3d 796, 802-03 (Fed. Cir. 1993)). As such, a plaintiff cannot assert that Government action was wrongful and, at the same time, bring a takings claim. *Biddulph v. United States*, 74 Fed. Cl. 765, 768 (2006) ("Plaintiff cannot simultaneously argue that the tax assessments by the IRS were not authorized and maintain a proper Fifth Amendment 'takings' claim.").

Mr. Pucciariello cannot allege that the FAA acted in an arbitrary and capricious manner and at the same time assert a valid takings claim. *See, e.g., McNeil*, 78 Fed. Cl. at 236 ("Because plaintiff disputes the lawfulness of the actions of the IRS and the OPM, this court lacks jurisdiction to consider his Fifth Amendment takings claim."); *Skillo v. United States,* 68 Fed.Cl. 734, 743 n. 14 (2004) ("[I]f, as plaintiffs argue, defendant acted improperly, then no taking could have occurred because a 'taking' can only result from the authorized acts of government officials."); *Montego Bay Imports, Ltd. v. United States,* 25 Cl. Ct. 639, 642 (1992) (detailing Claims Court's rationale in previous decision, where court explained that, "because the plaintiff in this case is asserting that the defendant's acts were unlawful and unauthorized, the acts cannot constitute a taking sufficient to vest jurisdiction in the Claims Court."). Consequently, Mr. Pucciariello cannot state a takings claim, and the Court should dismiss the takings claim for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant our motion to dismiss.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

BRYANT G. SNEE
Acting Director

REGINALD T. BLADES, JR.
Assistant Director

RUSSELL J. UPTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-3634
Facsimile: (202) 514-7965
russell.j.upton@usdoj.gov

Attorneys for Defendant

Of Counsel:

BRADLEY J. PREAMBLE
Trial Attorney
Office of the Chief Counsel
Litigation Division
Federal Aviation Administration
Washington, D.C. 20591

November 18, 2013