# Appendix

INDEX TO THE APPENDIX

Complaint, August 19, 2013 .......... A1

- Attachment A .......... A6
  - Settlement Agreement, Equal Employment Opportunity Commission, December 1998 .......... A7
  - Letter from the Federal Aviation Administration to Mr. Pucciariello, December 3, 1998 .......... A10
  - Letter from Mr. Pucciariello to the Department of Transportation, Civil Rights Departmental Office, February 2, 2012 .......... A11
  - Letter from Mr. Pucciariello to Various Recipients, February 15, 2012 .......... A12
  - Letter from the Department of Transportation, Civil Rights Departmental Office to Mr. Pucciariello, [illegible] 1999 .......... A13
- Attachment B .......... A14
  - Letter from the Federal Aviation Administration to Mr. Pucciariello, January 25, 2012 .......... A15
  - Letter from the Federal Aviation Administration to Mr. Pucciariello, March 29, 2012 .......... A17

Order, *Pucciariello v. Lahood*, No. 12-61675-CIC (S.D.Fla), April 8, 2013 .......... A18

ORIGINAL

FILED
AUG 19 2013
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**CAMINE J. PUCCIARIELLO,**

Plaintiff,

No. 13-590 C

v.

**THE UNITED STATES,**

Defendant.

______________________________/

## COMPLAINT

Plaintiff, Carmen J. Pucciariello (hereinafter Plaintiff) by and through its undersigned attorney, complains of the above named defendant, The United States (via Federal Aviation Administration – FAA) and demonstrates the following:

## NATURE OF THIS ACTION

1. This is an action for 5th Amendment taking of property without just compensation, and without complying with procedural due process and written procedural rules and regulations designed to protect Plaintiff. Plaintiff's specific claims are based on Government's breach of an explicit written settlement agreement where Plaintiff agreed to retire and the FAA agreed to assign him as an FAA Designated Airworthiness Representative (DAR).

2. Plaintiff seeks declaratory relief concluding that the United States Government removed him as a DAR in violation of its written agreement and in violation of Plaintiff's procedural due process rights. Plaintiff seeks damages or restitution to compensate him for his losses and interest and attorney's fees for the United States Government's wrongful acts.

## SUMMARY OF CLAIMS

3. The United Government's absolute commitment to remove Plaintiff as a DAR, by terminating him from that position on January 25th, 2012, was a taking of property without just compensation.

4. The United Government's absolute commitment to remove Plaintiff as a DAR, by terminating him from that position on January 5th, 2012, was a taking of property without complying with procedural due process and regulatory and procedural rules of the FAA.

5. The United Government's absolute commitment to remove Plaintiff as a DAR, by terminating him from that position on January 25th, 2012, was accomplished without any form of a hearing as required by due process and FAA rules procedures and regulations.

6. The United States Government cancelled Plaintiff's DAR in breach of contract signed by an FAA and Plaintiff. The agreement specifically required the Plaintiff to retire in exchange for the DAR appointment.

**Count I – Breach of Contract**

7. On or about December 1999, the Agency and Plaintiff entered into a "Settlement Agreement" (Attachment A) wherein the Plaintiff agreed to retire from the Federal Aviation Administration on or before February 28, 1999, and the Defendant agreed in return to issue Plaintiff an unrestricted DAR.

8. Plaintiff complied with all of the requirements of the settlement agreement and Defendant issued the DAR to Plaintiff on December 3, 1998 (See Attachment B).

9. Defendant breached the terms of the settlement agreement by terminating Plaintiff's DAR without due process or cause.

10. Defendant's termination of the DAR was an inappropriate breach that was arbitrary, capricious and otherwise in violation of the law.

**Count II – Unjust Taking Without Due Process**

11. The settlement agreement between Plaintiff and Defendant created a property right and property interest in Plaintiff's DAR.

12. Although 49 U.S.C § 44702 states that the Administrator may rescind a delegation under this subsection at any time for any reason the Administrator considers appropriate, and 14 CFR 183.15 provides that "a designation…terminates… upon a finding by the Administrator that the representative has not properly performed his or her duties under the designation, "the Policy, ORDER 8100.8D, which every DAR and the FAA follow, guarantees certain due process.

13. Specifically, the U.S DEPARTMENT OF TRANSPORTATION, FEDERAL AVIATION ADMINISTRATION POLICY National Policy, ORDER 8100.8D, Section 1108 (a), states that although "a designation is a privilege, not a right;" and that "the Administrator has the authority to terminate a delegation for any reason." It further states, "However, the FAA Office of Aviation Safety recognizes the benefit of having procedures to ensure due process is provided, if requested by designee."

14. On or about January 10, 2012, the FAA notified Plaintiff to cease activity regarding the export certification of a Robinson helicopter, Model R-22, registry number N4991U from Brazil that Plaintiff was conducting, until a meeting could be held to assess Plaintiff's ability to perform his duties and determine whether remedial training could be given to Plaintiff. Plaintiff was advised at the meeting that the inquiries were for remedial training and told "not to worry" and, "we will get you retained and get this helicopter

exported together; it's too far along and not to worry" by FAA Principal Inspector (PI) Pete Sneed.

15. Thereafter, on January 25, 2012, the FAA notified Plaintiff that his designation (DAR-T) was to be terminated for failure to perform his duties, citing ORDER 8100.8D, Section 1108 and stating that appeal must be requested in writing within 14 days.

16. On February 6, 2012, Plaintiff, through correspondence to the FAA by the undersigned timely requested an appeal for Plaintiff, disputing the FAA's stated reasons for the termination of the designation and requested the meeting promulgated by ORDER 8100.8D, Section 1108 (b)(2)(a), and authorized under 49 U.S.C § 44702, and 14 CFR 183.15.

17. In contradiction to ORDER 8100.8D, Section 1108, the meeting was never provided, in violation of Plaintiff's due process rights; rather, the FAA apparently convened an appeal board in Atlanta who reviewed the FSDO decision to terminate Plaintiff's DAR and upheld their decision without providing the opportunity to be heard by Plaintiff that is guaranteed in their procedures [ORDER 8100.8D, Section 1108(b)(2)(a)] and authorized under 49 U.S.C § 44702, and 14 CFR 183.15.

18. The FAA's alleged reasons for the termination of Plaintiff's DAR are without merit and Plaintiff believes he would prevail upon the merits had he been provided due process.

**DAMAGES**

19. As a consequence of Defendant's actions, Plaintiff has suffered the following:

a. loss of earning from improper termination of his DAR-T;

b. loss of future earnings from improper termination of his DAR-T;

c. loss of earning capacity from improper termination of his DAR-T;

d. loss of reputation in the aviation industry.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays as follows for:

20. Monetary damages as determined by the Court.

21. Damages for loss of reputation.

22. Injunctive relief enjoining the FAA from denying Plaintiff his right to a meeting to appeal termination of his designation (DAR).

23. Plaintiff requests that the court grant all other or further relief, as it may deem necessary and proper.

DATED this 13 day in August, 2013.

MOULIS & ASSOCIATES, PA
*Attorneys for Plaintiff*
1100 Lee Wagener Blvd., Suite 101
Fort Lauderdale, Florida 33315
Telephone: (954) 727-3255
Facsimile: (954) 337-0915

By: [signature]
Michael Moulis, Esq,
FBN: 0186790



A5

# Attachment A

**UNITED STATES OF AMERICA**
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**MIAMI DISTRICT OFFICE**

| | |
|---|---|
| In the Matter of:<br><br>**Carmine J. Pucciariello,**<br>Complainant,<br>vs.<br>**Rodney Slater, Secretary**<br>**DEPARTMENT OF TRANSPORTATION,**<br>Agency | EEOC No. 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X<br>Agency No. DOT -3-96-049 |

**SETTLEMENT AGREEMENT**

Mr. Carmine J. Pucciariello, Complainant, and the Agency, by and through its undersigned attorney, having presented their respective positions in the above captioned matter and after considering the matter thoughtfully, mutually desire to resolve all matters arising out of or within this case. Accordingly, said parties hereby agree to voluntarily enter into this SETTLEMENT AGREEMENT as a full and final settlement of any and all issues and or claims presented in the above captioned matter. Both parties hereby agree to be bound by the following conditions and terms:

AGENCY

The agency agrees to the following:

1. The agency agrees Carmine J. Pucciariello intends to retire on or before February 28, 1999.

2. Agency agrees the Federal Aviation Administration (FAA) will issue Carmine J. Pucciariello a Designated Airworthiness Representative (DAR) Authorization effective in or otherwise applicable to the Fort Lauderdale, Florida, Flight Standards District, Fort Lauderdale, Florida, on or before February 26, 1999.

3. The agency agrees said DAR will be issued on or before Mr. Carmine J. Pucciariello 's retirement on or before February 28, 1999, said DAR effective on March 1, 1999.

4. The agency agrees that in no case will the effective date of said DAR initial issue be extended or delayed beyond March 1, 1999.

**ATTACHMENT A**

5. Agency agrees said issued DAR is an unrestricted maintenance DAR with the following specifications and that it has no category, class, or type restriction:

DAR-T Functions, from and inclusive of Code 23 to 33

Part 23, Normal, Utility, Acrobatic and Commuter category airplanes

Part 25, Transport category airplanes

Part 27, Normal category Rotorcraft

CAM-3 Category, CAM-4b Category, and CAM-8 Category

6. Agency agrees this agreement in no manner denies Carmine J. Pucciariello the right of renewal of said DAR provided he otherwise satisfies all regulatory requirements in place or hereafter added to said regulatory requirements, and is otherwise qualified to be the holder of a DAR.

**COMPLAINANT**

Complainant Carmine J. Pucciariello agrees to the following:

1. Carmine J. Pucciariello agrees he will retire on or before February 28, 1999.

2. Carmine J. Pucciariello agrees the Federal Aviation Administration (FAA) will issue him a Designated Airworthiness Representative (DAR) Authorization effective in or otherwise applicable to the Fort Lauderdale, Florida, Flight Standards District, Fort Lauderdale, Florida, on or before February 26, 1999.

3. Carmine J. Pucciariello agrees he will accept said DAR when the FAA issues it to him in accordance with this agreement.

4. Carmine J. Pucciariello agrees said DAR will be issued on the occasion of his retirement on or before February 28, 1999, said DAR effective March 1, 1999.

5. Carmine J. Pucciariello agrees that in no case will the effective date of the initial issue of said DAR be extended beyond March 1, 1999.

6. Carmine J. Pucciariello agrees said issued DAR is an unrestricted maintenance DAR with the following specifications and that it has no category, class, or type restriction:

DAR-T Functions, from and inclusive of Code 23 to 33

Part 23, Normal, Utility, Acrobatic and Commuter category airplanes

Part 25, Transport category airplanes

Part 27, Normal category Rotorcraft

CAM-3 Category, CAM-4b Category, and CAM-8 Category

7. Carmine J. Pucciariello agrees this agreement in no manner denies him the right of renewal of said DAR provided he otherwise satisfies all regulatory requirements in place or hereafter added to said regulatory requirements, and is otherwise qualified to be the holder of a DAR.

**WAIVER**

Agency and Complainant jointly agree that this agreement is a full and final settlement of all issues raised or not raised arising out of, associated with, or might hereafter be found to have been grounded in any fact, incident which occurred, or was as a result of or otherwise stemming from anything related to the case as captioned above.

Agency and Complainant further agree to hold each other harmless from any and all liability civil in nature, in law or in equity, from any cause of action presently existing or which might hereafter be found to have existed in said captioned case.

For the Agency

[signature] 12/14/98

KEITH S. MAY
Managing Attorney
FAA Office of the Regional Counsel
Southern Region at Orlando, Florida

For Complainant

[signature]

CARMINE J. PUCCIARIELLO
Complainant 12/23/98

[signature]

Office of Civil Rights
FAA, Southern Region

U.S. Department of Transportation
Federal Aviation Administration

Southern Region
Flight Standards Divison

P. O. Box 20636
Atlanta, GA 30320

DEC 3 1998

Mr. Carmine J. Pucciariello
3406 N. W. 49th Avenue
Lauderdale Lakes, FL 33319

Dear Mr. Pucciariello:

This is to inform you that you have been appointed as a Designated Airworthiness Representative (DAR) for the Federal Aviation Administration (FAA) in the Southern Region. This is in accordance with your request and application dated October 26, 1998.

Our Fort Lauderdale, Florida, Flight Standards District Office, locate at 1050 Lee Wagener Avenue, Suite 201, Fort Lauderdale, Florida, will be your managing office. That office will contact you in the near future to arrange a time for a procedural briefing, issuance of the Certificate of Authority, and FAA forms relating to those authorized delegations.

Shortly after your appointment, you will receive a kit containing Federal Aviation Regulations and FAA guidance material. Contained in the kit is a questionnaire containing its contents. Please complete and return the questionnaire according to the instructions to assure your name will be placed on the mailing list for all revisions. It will be your responsibility to keep your kit updated.

We appreciate your interest in becoming a DAR and congratulate you upon your appointment.

Sincerely,

W. Michael Sacrey
Manager, Flight Standards Division

Carmine Pucciariello
3406 NW 49th.Ave. H 409
Lauderdale Lakes , Fl.
33319

02/ 02 /2012

Department of Civil Rights
Atlanta Regional Office
1707 Columbia Ave.
Collage Park, GA, 30337

Attn Regional Director

EEOC # 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X
Complaint Number 3-96-049

"As stated if he agency fails to carry out or rescinds any portion of the settlement, agreement for reasons not attributable to acts or conduct on your part , you have the right to re open your complaint for further administrative processing- should you feel a need to re open your complaint please contact this office in writing with in 30 days of the agency s non compliance."

As much as I dis-like to open my complaint, I feel that I must due to the FAA, FSDO-19 , actions. The FAA, FS did appoint me as a DAR ( as additional information I was a DAR ,prior to FAA employment ) At the beginning, had I known what was to come. I would not have agreed to the settlement. I have always given the FAA , over 110 % of my time and efforts for the better of the agency and the aviation community.

FAA employees have taken snipes at me from time to time, maybe envious ,but it always ended with a reference to age,- I am endowed with very good gene's and I thank my parents for that, people I meet find it hard to believe my age . At the time of WW II , I enlisted , so since I have lived that long and still pass an airman's medical, I have gained a great deal of aviation experience and additional training I have received. Aviation was and is my first love, and before I leave this earth. I would like to pass on my knowledge to any one that is interested- so as not to travel that road again by some one else.

I have been harassed since day one The person who processed my DAR appointment at FAA, FSDO – 17 ( now 19 ) is also a new FAA, employee, and I was told by my superiors to show him around which I did, .and for what ever reason is the same person that enjoys in sending me nasty letters which are entered in my DAR file,

When I was employed by the FAA , I always tried to help some one up - not to bring some one down.
I have witnessed many of later events by other FAA employees, Would you believe that they lost my DIN FAA, records, ???? and did not renew my designation on time and there is much more which will unfold as this case progresses.

Sincerely
Carmine Pucciariello [signature]

Carmine J Pucciariello
3406 NW 49 th. Ave- H-409
Lauderdale Lakes , FL
33319

Complaint : **EEOC #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X**
Complaint number # DOT - **3-96-049**

02-15-2012

Leon Rodriguez, Director
Office for Civil Rights
U.S. Department of Health
and Human Services
200 Independence Avenue, S.W.
Room 509F, HHH Bldg.
Washington, D.C. 20201

US Department of transportation
Federal Aviation Administration
Southern Region
Flight Standards Division
PO Box 20636
Atlanta , GA. 303320

FAA Office of the Regional Counsel
Southern Regional office
Orlando Florida

Office of Civil Rights
FAA, Southern Region

To the attention of all of the above ;

I apologize to all of the above , I am sorry that we must travel this road again, And hope that we can all come to a agreeable solution, as aviation has been my life , and I wish to continue to serve the aviation community and providing my expertise to FAA., and any one that may be interested.

I have provided you with most of the information that caused me to re- open this complaint for further administration processing.

I have not received fair and equitable treatment in this matter and frequently reference is / was made to age.

I have been involved with the aviation industry since the 40,s. I am well liked, and respected in the aviation industry, because I will have the answer, and if I don't, I know where to find it.

[illegible] dated 4 [illegible] of the signed Settlement Agreement referred to below

[illegible] tion [illegible] Secretary [illegible]

Departmental Office of Civil Rights

Atlanta Regional Office
1701 Columbia Ave
College Park, GA [illegible]

[illegible] MAIL
**RETURN RECEIPT REQUESTED**

January 11, 1999

Complaint Number [illegible]96-049

Mr. Carmine Pucciariello
3305 NW 49th Ave., H406
Lauderdale Lakes, FL 33319

Dear Mr. Pucciariello

In reference to your complaint of discrimination received in this office on January 22, 1996, against the United States Department of Transportation/Federal Aviation Administration, we are in receipt of a copy of the signed settlement agreement which resolved your complaint. Accordingly, we are closing your case within the Department.

If the Agency fails to carry out or rescinds any portion of the settlement agreement for reasons not attributable to acts or conduct on your part, you have the right to reopen your complaint for further administrative processing. Should you feel a need to reopen your complaint, please contact this office in writing within 30 days of the Agency's noncompliance.

We are pleased that your complaint was resolved.

Sincerely,

Randy Williams
Regional Director

[illegible] P.[illegible]

# Attachment B

U.S. Department
of Transportation
**Federal Aviation Administration**

South Florida
Flight Standards District Office-19

2895 SW 145 Avenue, Suite 120
Miramar, Florida 33027

JAN 25 2012

**CERTIFIED MAIL-RETURN RECEIPT REQUESTED**

DART-200088-SO
Mr. Carmine J. Pucciariello
3406 NW 49th Avenue
Lauderdale Lakes, FL 33319

Dear Mr. Pucciariello:

This letter is to inform you that your Federal Aviation Administration (FAA) designation as a Designated Airworthiness Representative Maintenance (DART) is terminated pursuant to 14 CFR 183.15(b)(4). You must immediately cease exercising the privileges of your designation.

Your designation is being terminated for not performing your duties under your designation.

On January 8, 2012 you notified this office via email of pending export certification activity concerning a Robinson Helicopter, model R-22, registry number N4491U, serial number 4549.

Multiple emails over the next two (2) days brought into question your ability to complete the export certification that required request for exceptions from the Brazil aviation authority, Agência Nacional de Aviação Civil (ANAC) per FAA Order 8130.2G, paragraph 512 and the special requirements for Brazil exports. You were instructed on January 10, 2012 to cease this activity until a meeting could be held to assess your capabilities and if remedial training could be given in conjunction with completion of this export activity.

During the meeting with you at this office held on January 18, 2012, it was found that you did not possess the knowledge to complete this export that required an exceptions request of Brazil (ANAC). You provided out of date documentation for the special requirements of the importing country (Brazil) with your use of FAA AC 21-2K instead of the current data AC 21-2L. You did not provide any references to the FAA/ANAC Implementation Procedures Agreement (IPA).

At the meeting you provided a copy of a FAA Form 8130-4, Export Certificate of Airworthiness for the R-22 aircraft that did not contain reference to the ANAC Type Certificate Number and revision level as required by FAA Order 8130.2G paragraph 512(e) and the FAA/ANAC Implementation Procedures.

The date line at the bottom right of the FAA Form 8130-4 did not have a date on it even though the R-22 had been examined by you at a Robinson helicopter dealer, Seacoast Helicopters located in Pembroke Pines, Florida prior to January 10, 2012. This omission is contrary to guidance contained in FAA Order 8130.2G, paragraph 506(d).

Photos were reviewed that you said were taken by you and the dealer at Seacoast Helicopters. Several of the photos showed the aircraft outside a hangar. One photograph showed the aircraft loaded in a shipping container.

You were asked twice if the aircraft was fully assembled at the time of your conformity/certification inspection at which you said it was.

The aircraft must be fully assembled and proof of flight test accomplishment prior to issuance of the export certificate. This is a requirement in that the aircraft must be shown to conform to its type design and in a condition for safe operation. FAA Regulations, 14 CFR 21.325(b) prescribes the form and manner in which an export certificate is issued. FAA Order 8130.2G, paragraph 506 covers the manner in which aircraft are exported and requires that all new aircraft presented for export approval must be completely assembled and flight tested.

Further investigation into this matter by this office revealed that the aircraft was not fully assembled at the time of your inspection and that the rotor blades were removed, with the aircraft cradled in wood shipping gear for container freight.

FAA Order 8100.8D, paragraph 1401 General Qualifications, subparagraphs (a)(c), specifies that you must have a current and thorough working knowledge of pertinent regulations, directives and related material, have a high degree of integrity, cooperative attitude, and ability to exercise sound judgment.

You may submit a request for appeal in writing to this office no later than 14 calendar-days from the date of receipt of this letter. At that time, you should include any evidence or statement concerning this matter with your written request for appeal. You will be notified of the outcome of the appeal within 60 calendar-days after our receipt of your written request for appeal.

Sincerely,

Sergio Lopez
Manager, South Florida FSDO-19

U.S. Department of Transportation
**Federal Aviation Administration**

Flight Standards Division

1701 Columbia Avenue
College Park, Georgia 30337

MAR 29 2012

Mr. Carmine J. Pucciariello
3406 NW 49th Avenue
Lauderdale Lakes, Florida 33319

Dear Mr. Pucciariello:

The Federal Aviation Administration (FAA), Atlanta, Flight Standards District Office made the decision to terminate your Designation as an Airworthiness Representative.

FAA Southern Region Office convened an appeal panel to review this termination and make a final decision. For the reasons cited by the managing office and review of the information provided by you the panel determined the facts represented in this case support the managing office's decision to terminate your authority to act as a representative of the Administrator.

Sincerely,

for Larry D. Nulton

Thomas A. Winston
Division Manager

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 12-61675-CIV-ALTONAGA/Simonton**

**CARMINE J. PUCCIARIELLO**,

Plaintiff,

vs.

**RAY L. LAHOOD**, *et al.*,

Defendants.
__________________________________/

**ORDER**

**THIS CAUSE** came before the Court upon a *sua sponte* review of the record. Defendant, Raymond L. LaHood, Secretary of Department of Transportation, filed a Motion to Dismiss . . . ("Motion") [ECF No. 13] on February 28, 2013. Defendant challenges the Court's subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) with a factual attack, providing supporting documentation regarding agency action taken on the very issues raised in this case. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). On March 18, 2013 [ECF No. 23], the Court granted Plaintiff's request for an extension of time to respond to the Motion, and ordered Plaintiff to file a Response by April 4, 2013. To date, the Plaintiff has failed to respond to Defendant's Motion, nor has he sought an additional extension of time to do so. Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 13]** is **GRANTED** by default, *see* S.D. FLA. L. R. 7.1(C), and on the merits. Because the Court lacks subject matter jurisdiction for the reasons explained in the Motion,[1] this cause is DISMISSED without leave to

[1] Plaintiff is challenging the FAA's final decision to terminate his DAR status (*see* Compl. ¶ 1 [ECF No. 1]), a decision exercised by the Federal Aviation Administration ("FAA") pursuant to 49 U.S.C. section 44702(d). While Plaintiff requested an administrative appeal, he did not seek review of the FAA's final

amend. The Clerk is instructed to mark this case as **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of April, 2013.

Cecilia M. Altonaga

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

---

decision in the U.S. Court of Appeals within sixty (60) days, as required by 49 U.S.C. section 46110. Plaintiff is barred from seeking judicial review of the FAA's termination decision in this Court. *See Doe v. Federal Aviation Administration*, 432 F.3d 1259, 1263 (11th Cir. 2005).