**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CAMINE J. PUCCIARIELLO,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 13-590C**<br>**Judge Bush** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S**
**RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Carmine J. Pucciariello, has failed in his response to the motion to dismiss of defendant, the United States, to meet his burden of establishing by a preponderance of the evidence this Court's jurisdiction over his claims. *See John R. Sand & Gravel Co. v. United States*, 457 F.3d 1345, 1353 (Fed. Cir. 2006). Moreover, Mr. Pucciariello has not cured his failure to state a claim for either breach of contract or a 5th Amendment taking.[1] *See Bank of Guam v. United States*, 578 F.3d 1318, 1326 (Fed. Cir. 2009). Accordingly, defendant respectfully requests that the Court dismiss Mr. Pucciariello's complaint in its entirety.

This Court cannot possess jurisdiction over Mr. Pucciariello's breach of contract claim unless he demonstrates that the settlement agreement can fairly be interpreted as contemplating money damages in the event of a breach. *Holmes v. United States*, 657 F.3d 1303, 1315 (Fed. Cir. 2011). Although "money damages are a remedy that is presumptively available in the area of government contracts upon the breach of an agreement," Resp. at 9, the Federal Circuit's

[1] Mr. Pucciariello clarifies in his response brief that he is alleging only two claims in his complaint: (1) a breach of contract (*i.e.*, of the settlement agreement) claim; and (2) a takings claim. Resp. at 8. He is not alleging any form of due process claim. *Id.* The Court, therefore, need consider only whether plaintiff's two claims survive Rule 12(b)(1) and (6) of the Rules of the Court of Federal Claims (RCFC). They do not.

statement in *Holmes,* that "money damages appear *not* to be the routine remedy for the breach of a settlement agreement involving an employment dispute," 657 F.3d at 1315 n.8 (emphasis added), effectively rebuts that presumption here. As the *Holmes* court continued, "[t]ypically, the employee's remedy is enforcement of the settlement terms or rescission of the settlement agreement and reinstatement of the underlying action." *Id*. at 1315 n.8. But, as we explained in our opening brief, "both parties fulfilled their obligations under the settlement agreement," Motion at 17, so there is nothing more for this Court to enforce. That said, Mr. Pucciariello believes the Government breached the settlement agreement. If he is right, the potential remedy of reinstating the underlying action remains available to him. But, if Mr. Pucciariello can seek reinstatement of the underlying action, the settlement agreement *cannot* fairly be interpreted as contemplating money damages in the event of a breach. *Holmes*, 657 F.3d at 1315 n.8; *accord Schnelle v. United States,* 69 Fed. Cl. 463, 466-67 (2006) (court does not possess Tucker Act jurisdiction when settlement agreement did not mandate monetary relief for a breach, but instead required reinstatement of the actions that the parties had settled). This Court, therefore, does not possess jurisdiction over Mr. Pucciariello's breach of contract claim. *See Holmes*, 657 F.3d at 1315.

Regardless, Mr. Pucciariello insists that "the instant action could not involve nonmonetary relief . . . as money damages have been requested in Plaintiff's complaint . . . [and because the] mere reinstatement of Plaintiff to his position as a [Designated Airworthiness Representative (DAR)] would not be adequate compensation for the total harm he has suffered . . . [*i.e.*,] lost wages." Resp. at 10. The fact that the complaint requests money damages is irrelevant. If that were the rule, a plaintiff's artful pleading alone could give rise to the Court's jurisdiction when none legitimately exists. Moreover, the settlement agreement did not

guarantee any amount of *wages*. The parties agreed only that, once Mr. Pucciariello retired, the Federal Aviation Administration (FAA) would appoint Mr. Pucciariello as a DAR, an appointment that could be renewed *provided* he complied with all of the applicable regulatory requirements *and* remained qualified to hold a DAR appointment. Compl. ¶ 7 (A2); Sett. Agmnt. (A8-9). Again, those terms were satisfied. As we explained in our opening brief, the settlement agreement "did not provide a guarantee of a perpetual DAR appointment," Motion at 17, let alone a guarantee of any wages.

Furthermore, Mr. Pucciariello attempts to align his case to the holding in *Holmes*. He argues that "specific provisions in those [settlement] agreements . . . contained steps regarding denial of future *employment*," by claiming that "the settlement agreement [in this case] is a guarantee of future *employment* . . . . At least some term of *employment* was contemplated when the parties drafted the agreement." Resp. at 11 (emphasis added). In these assertions and throughout his response brief, Mr. Pucciariello repeatedly suggests that his status as a DAR somehow makes him an "employee" of the FAA. Resp. at 7 (referring to his "quasi employment with the FAA as a DAR"); 13 (discussing various rights afforded to employees); 14 (claiming a "property interest in his DAR employment").

To be clear, a DAR is a "private person," 49 U.S.C. § 44702(d)(1), not a Federal employee. In *Charlima, Inc. v. United States*, 873 F.2d 1078 (8th Cir. 1989), the Court of Appeals for the Eighth Circuit considered whether a DAR is a Federal employee and concluded that he or she is not. 873 F.2d at 1083. As the court explained:

> The crucial element in determining whether an individual may be considered a federal employee is the amount of control the federal government has over the physical performance of the individual. . . . [W]e conclude that the FAA does not control the day-to-day operations of [DARs]. . . . [W]hile the FAA acts generally as an overseer, it does not manage the details of a [DAR's] work or

> supervise him in his daily investigative duties. Moreover . . . the FAA has no customary contractual relationship with [DARs], nor are they on the FAA payroll or otherwise compensated by the FAA. Instead, a [DAR] is paid by the certificate applicant . . . .

*Id.* at 1080-81 (internal citations omitted); *see also Jinhua Yang v. Boeing Company*, 2013 WL 6633075, at *6 (N.D.Ill. December 16, 2013) (same); *Krivitsky v. United States*, 2011 WL 6326060, at *5-6 (D.R.I. December 16, 2011) (same); *O'Brien v. Cessna Aircraft Co.*, 2010 WL 4721189, at *7-8 (D.Neb. July 21, 2010) (same); *Supinski v. United States*, 2008 WL 199546, at *3-4 (E.D.Mo. Jan. 22, 2008) (same). Mr. Pucciariello effectively admits as much early in his response brief, alleging in his statement of facts that "[a] DAR is a non-FAA employee . . . ." Resp. at 5. Mr. Pucciariello's assertions regarding this Court's jurisdiction, founded upon his alleged "employment," are, therefore, without support.

Mr. Pucciariello also suggests that his breach of contract claim should survive Rule 12(b)(6) because "the settlement agreement was a 'for-cause' termination only contract." Resp. at 11. And yet Mr. Pucciariello attached to his complaint – and therefore this Court may consider it without converting this motion to a motion for summary judgment, *see Bristol Bay Area Health Corp. v. United States*, 110 Fed. Cl. 251, 262 (2013) – the January 25, 2012 letter, A15-16, which details the for-cause justification for his DAR termination. The FAA's rationale for termination is fully detailed therein and reiterated in our opening brief. Motion at 2-4.

Moreover, Mr. Pucciariello cites *Fed. Dep. Ins. Corp. v. Henderson*, 940 F.2d 465, 475 (9th Cir. 1991), for the proposition that "[a]n employee whose contract provides, either expressly or by implication, that he may only be terminated *for cause* does have such a (property) interest." Resp. at 13 (emphasis added). To be clear, *Henderson* – which is not controlling in this Court – held that "[i]n Washington . . . the general rule is that a *public employee* terminable at will does not have a property interest in continued employment, while an employee whose contract

provides, either expressly or by implication, that he may only be terminated for cause does have such an interest." 940 F.2d at 475 (emphasis in original). As explained above, Mr. Pucciariello is not an FAA employee and does not have an employment contract with the FAA. *Henderson* is, thus, inapplicable. *See also* Resp. at 13 (citing *Terry v. United States*, 499 F.2d 695, 702 (Ct. Cl. 1974) (addressing the rights of *employees* discharged for cause)).

As we explained in our opening brief, "[b]oth parties fulfilled their obligations under the settlement agreement[; namely,] Mr. Pucciariello retired on or before February 28, 1999, and, on December 3, 1998, the FAA appointed Mr. Pucciariello as a DAR." Motion at 17. Moreover, the settlement agreement made clear that "Mr. Pucciariello could renew the DAR appointment upon its expiration, *provided* he complied with all of the applicable regulatory requirements *and* remained qualified to hold a DAR appointment." *Id.* The FAA determined that he was no longer qualified and terminated Mr. Pucciariello's DAR – a determination that has an established an exclusive appeals process. *See* 49 U.S.C. § 46110.

In light of the terms and obligations under the settlement agreement, the FAA's termination alone cannot amount to a breach. Mr. Pucciariello continues to be unable to identify "an obligation or duty *arising out of [the settlement agreement]*" that the FAA allegedly breached. *See Westover v. United States*, 71 Fed. Cl. 635, 640 (2006) (identifying elements of a breach of contract claim) (quoting *San Carlos Irrigation and Drainage Dist. v. United States,* 877 F.2d 957, 959 (Fed. Cir. 1989)) (emphasis added). That is because the FAA breached no provision of this "relatively unspectacular," Resp. at 7, settlement agreement when it terminated Mr. Pucciariello's DAR. Mr. Pucciariello, thus, fails to allege facts that plausibly suggest that the Government breached the settlement agreement, and the Court can, therefore, justifiably dismiss Mr. Pucciariello's breach of contract claim. Motion at 16-17.

Lastly, Mr. Pucciariello's attempt to define his DAR appointment as one obtained "via contract," Resp. at 12, rather than through the traditional competitive process, is a distinction without a difference. Mr. Pucciariello offers no support – nor does any appear to exist – for the proposition that a certification obtained through a settlement agreement is somehow not subject to the regulatory framework in place for traditionally obtained certifications.

With respect to his takings claim, Mr. Pucciariello's response brief fails to address the fact that jurisdiction over takings claims "is premised on the requirement that the government action was legitimate." *Kalos v. United States,* 87 Fed. Cl. 230, 237 (2009). As explained in our opening brief, "Mr. Pucciariello alleges the opposite, namely, that the FAA's termination of his DAR appointment was arbitrary, capricious and thus contrary to law." Motion at 19. For this reason alone, the Court should dismiss his takings claim for failure to state a claim upon which relief may be granted.

Furthermore, Mr. Pucciariello's alleged "property interest" in his DAR appointment for purposes of justifying his takings claim is premised upon his reading of several cases discussing the rights afforded to "employees." Resp. at 12-13. Again, a DAR is a private person, not a Federal employee, 49 U.S.C. § 44702(d)(1), and a DAR designation is "a privilege, not a right, and at the time of appointment there is no property right to be implied by the appointment." FAA Order 8100.8D, ¶ 701(o). Moreover, the cases that Mr. Pucciariello cites consider whether a "property interest" existed in the context of due process claims. But claims based upon the Fifth Amendment Due Process Clause are beyond the jurisdiction of this Court. *Nwogu v. United States*, 94 Fed. Cl. 637, 649 (2010).

Interestingly, Mr. Pucciariello stresses that his due process case before the United States District Court for the Southern District of Florida "never had a breach of contract claim to begin

with," Resp. at 8, nor does it appear to have contained a takings claim. Regardless, "[t]he doctrine of issue preclusion prevents a party from relitigating an issue when that party has litigated the same issue on the merits and lost." *Westlands Water District v. United States*, 109 Fed. Cl. 177, 191 (2013) (citing *Masco Corp. v. United States*, 303 F.3d 1316, 1329 (Fed. Cir. 2002); *In re Freeman*, 30 F.3d 1459, 1465 (Fed. Cir. 1994)). "Issue preclusion requires that: (1) the issue be identical to the issue in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) the party precluded had a full and fair opportunity to litigate the issue in the first action." *Id.*

Regardless of how Mr. Pucciariello characterizes his claims, it is indisputable that the identical issue to the present case – the termination of Mr. Pucciariello's DAR – was before the court in the Southern District of Florida. Moreover, as explained in our opening brief, "when Judge Cecilia M. Altonaga granted the Government's motion to dismiss in that case, she made clear that she was doing so 'by default . . . and *on the merits*.'" Motion at 12. Additionally, the court resolved the issue central to that action, finding that "Plaintiff [was] barred from seeking judicial review of the FAA's termination decision . . . ." A19, n.1. And, although Mr. Pucciariello "failed to respond to [the agency's] motion [to dismiss]" in that case, A18, he certainly had a full and fair opportunity to do so, having previously been granted a request for an extension of time to respond. *Id.* Accordingly, this Court should dismiss both Mr. Pucciariello's breach of contract and takings claims under the doctrine of issue preclusion. *Westlands Water District*, 109 Fed. Cl. at 191.

Mr. Pucciariello also stresses that "[n]o breach of contract claim was ever brought by Plaintiff at the administrative level . . . the administrative body charged with adjudicating Plaintiff's claims at that time never had a breach of contract claim before it." Resp. at 8. It does

not appear that Mr. Pucciariello ever brought a takings claim at the administrative level either. Accordingly, even if Mr. Pucciariello had timely filed his appeal in the proper court of appeals, that court could not – and this Court by analogy should not – consider his breach of contract or takings claims because Mr. Pucciariello never presented those claims to the FAA. *Air Line Pilots Ass'n, Intern. v. FAA*, 454 F.2d 1052 (D.C.Cir. 1971) ("We do not consider the argument, not presented to the FAA and raised for the first time in this court.").

Finally, despite making clear that he is no longer pursuing a due process claim, Resp. at 8, Mr. Pucciariello continues to insist that defendant "breached the settlement agreement by failing to give Plaintiff an adequate hearing at which he could refute the basis for his DAR non-renewal." Resp. at 12; *see also id.* at 13, 14 (same). Mr. Pucciariello is not, however, entitled to anything more than he received. Specifically, when Mr. Pucciariello received the January 25, 2012 letter, he was informed that he could "submit a request for appeal in writing . . . no later than 14 calendar-days from the date of receipt of this letter." A16. Mr. Pucciariello did so. A17. The appeal panel that the FAA Southern Regional Office convened to review his termination "determined the facts . . . support[ed] the managing office's decision to terminate . . . ." A17. Mr. Pucciariello then had 60 days, pursuant to 49 U.S.C. § 46110(a), to file a petition in the court of appeals for review of that final decision. This time, Mr. Pucciariello sat on his rights. Given his failure to avail himself of review in the court of appeals, Mr. Pucciariello's claim that he was denied a hearing should fall on deaf ears. His present dispute plainly remains a creative attempt to circumvent 49 U.S.C. § 46110. In any event, none of the process or procedure associated with challenging the termination of a DAR certification was something required under the settlement agreement.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant our motion to dismiss.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

BRYANT G. SNEE
Acting Director

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

s/ Russell J. Upton
RUSSELL J. UPTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-3634
Facsimile: (202) 514-7965
russell.j.upton@usdoj.gov

Attorneys for Defendant

Of Counsel:

BRADLEY J. PREAMBLE
Trial Attorney
Office of the Chief Counsel
Litigation Division
Federal Aviation Administration
Washington, D.C. 20591

February 20, 2014