# In the United States Court of Federal Claims

No. 13-590 C

(Filed June 2, 2014)

* * * * * * * * * * * * * * * * * * * *

CARMINE J. PUCCIARIELLO,                  *
                                          *
               *Plaintiff*,               *
                                          *
        v.                                *
                                          *
THE UNITED STATES,                        *
                                          *
               *Defendant*.               *

* * * * * * * * * * * * * * * * * * * *

Contract; Fifth Amendment Taking; Preemption of Tucker Act Jurisdiction by 49 U.S.C. § 46110 (2006); Jurisdictional Effect of Failure to Concede Lawfulness of Government "Taking"; Failure to State a Claim for Money Damages; No Jurisdiction to Award Equitable Relief under 28 U.S.C. § 1491(a)(2) (2012).

*Michael Moulis*, Fort Lauderdale, FL, for plaintiff.

*Russell J. Upton*, United States Department of Justice, with whom were *Stuart F. Delery*, Assistant Attorney General, *Bryant G. Snee*, Acting Director, and *Reginald T. Blades, Jr.*, Assistant Director, Washington, DC, for defendant. *Bradley J. Preamble*, Office of the Chief Counsel, Federal Aviation Administration, Washington, DC, of counsel.

—————————————————

## OPINION

—————————————————

**BUSH**, *Senior Judge*.

Now pending before the court is defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). That motion has been fully briefed and is ripe for decision. Oral argument was neither requested by the parties nor deemed necessary by the court. For the following reasons, defendant's motion to dismiss is granted.

# BACKGROUND[1]

In this lawsuit, Plaintiff Carmine J. Pucciariello[2] seeks damages, as well as injunctive and declaratory relief, based upon the Federal Aviation Administration's (FAA) decision to terminate plaintiff's appointment as a designated airworthiness representative (DAR).  Plaintiff alleges that the FAA, in terminating plaintiff's appointment, breached a settlement agreement pursuant to which the FAA had promised to appoint plaintiff as a DAR.  In addition, plaintiff alleges that the FAA's termination decision resulted in an uncompensated taking in violation of the Fifth Amendment to the United States Constitution.

## I.    Designated Airworthiness Representatives

Congress has charged the FAA with the responsibility to prescribe air safety standards, including certification requirements for aircraft, pilots, airports, and airlines, in order to "promote safe flight of civil aircraft in air commerce."  49 U.S.C. § 44701(a) (2006).  To that end, Congress has authorized the FAA to "delegate to a qualified private person" the authority to issue certificates identifying aircraft as airworthy, and to conduct inspections, testing, and examinations necessary to issue such certificates.  49 U.S.C. § 44702(d)(1) (2006).  Pursuant to its statutory authority, the FAA Administrator has appointed a group of

---

[1]/  The facts recounted in this opinion are taken from plaintiff's complaint and the parties' submissions in connection with defendant's motion to dismiss, including the attachments to plaintiff's complaint as well as the order dismissing Mr. Pucciariello's previous lawsuit in the United States District Court for the Southern District of Florida, which defendant attaches to its motion to dismiss.  *See* Compl. Attachs. A-B; Def.'s Mot. App. at A18-A19 (Order of Apr. 8, 2013, *Pucciariello v. LaHood*, No. 12-61675 (S.D. Fla)).  In addition, the court has considered Mr. Pucciariello's district court complaint filed August 27, 2012.  As explained *infra*, the court may consider these documents without converting defendant's motion to dismiss for failure to state a claim pursuant to RCFC 12(b)(6) into a motion for summary judgment pursuant to RCFC 56.  Except where otherwise noted, the facts recounted in this opinion are undisputed.

[2]/  Despite the apparent typographical error in the caption of plaintiff's complaint, it appears from the record and the pleadings that the proper spelling of plaintiff's first name is "Carmine" rather than "Camine."  *See* Compl. Attachs. A-B; Def.'s Mot. App. at A18; Pl.'s Resp. at 1, 5.  Therefore, the court adopts the former spelling, as that is the spelling used by the parties throughout the record and their pleadings.

private individuals, called designated airworthiness representatives (DARs), to perform these tasks. *See* 14 C.F.R. § 183.33 (2013). DAR appointments are for one to three years, and are renewable at the discretion of the Administrator. *See* FAA Order 8100.8D, ¶ 1414 (Oct. 28, 2011), *available at* http://www.faa.gov/ regulations_policies/orders_notices/index.cfm/go/document.information/document ID/1019601.[3]

Under 49 U.S.C. § 44702, the FAA Administrator may rescind, or choose not to renew, a DAR appointment "at any time for any reason the Administrator considers appropriate." 49 U.S.C. § 44702(d)(2). The FAA, in its implementing regulations, has delineated certain "appropriate" reasons justifying termination or nonrenewal of a DAR appointment:

> (1) Upon the written request of the representative;
> (2) Upon the written request of the employer in any case in which the recommendation of the employer is required for the designation;
> (3) Upon the representative being separated from the employment of the employer who recommended him or her for certification;
> (4) Upon a finding by the Administrator that the representative has not properly performed his or her duties under the designation;
> (5) Upon the assistance of the representative being no longer needed by the Administrator; or
> (6) For any reason the Administrator considers appropriate.

14 C.F.R. § 183.15(b) (2013); *see also* FAA Order 8100.8D, ¶ 1105(b) (stating that "[d]esignation is a privilege that conveys responsibilities, but does not imply

---

[3]/ The FAA promulgated Order 8100.8D on October 28, 2011 to establish "procedures to be used by the Aircraft Certification Service (AIR) and Flight Standards Service (AFS) for managing the FAA's representatives of the Administrator (designee) program." FAA Order 8100.8D, ¶ 100. FAA Order 8100.8D is directed to "[a]ll FAA employees who oversee private persons acting as representatives of the Administrator and those persons acting as representatives of the Administrator for the purpose of aircraft certification." *Id.* ¶ 101.

employment or other rights unrelated to FAA needs," and incorporating the bases for termination of a DAR appointment as set forth in 14 C.F.R. § 183.15(b)), ¶ 1108(a) (stating that "[a] designation is a privilege, not a right," and "therefore[] the Administrator has the authority to terminate a delegation for any reason"), ¶ 1414 (stating that "renewal of any designee appointment is at the option and sole discretion of the FAA").

The FAA, however, has developed internal procedures to guide the nonrenewal or termination of DAR appointments.  *See* FAA Order 8100.8D, ¶¶ 1100-1110, 1414-1415.  Of particular relevance to this dispute, FAA Order 8100.8D sets forth the procedures for administrative appeals of decisions to terminate a DAR appointment, and provides that a DAR, upon timely appeal, may request a meeting with the appeal panel and the FAA inspector or project engineer who made the recommendation to terminate the DAR appointment.  *See id.* ¶ 1108(b)(2).

## II.    Factual Background

In December 1998, Mr. Pucciariello entered into a settlement agreement with the FAA to resolve a discrimination complaint filed with the Equal Employment Opportunity Commission (EEOC).[4]  Compl. ¶ 7 & Attach. A at 1-3.[5]

---

[4]/ In his complaint, plaintiff alleges that he and the FAA entered into the settlement agreement "[o]n or about December *1999*."  Compl. ¶ 7 (emphasis added).  The reference to "1999" appears to be a typographical error, however, as the agreement itself indicates that it was signed by Mr. Pucciariello on December 23, 1998.  *See id.* Attach. A at 3.

[5]/ Plaintiff's complaint, as originally filed on August 19, 2013, referenced and purported to include two attachments (Attachment A and Attachment B).  Compl. ¶¶ 7-8; *see* Def.'s Mot at 8 (stating that plaintiff's complaint "includes two attachments").  However, the court, in an order dated March 31, 2014, noted that the docket in this matter did not reflect that plaintiff actually filed any attachments with his complaint.  The court therefore ordered plaintiff to file Attachment A and Attachment B, as referenced in the complaint, and to certify whether those attachments were identical to pages A6 through A17 of the appendix to defendant's motion to dismiss, which the government described as Attachment A and Attachment B to the complaint.  On April 3, 2014, in compliance with the court's March 31, 2014 order, plaintiff filed a notice indicating that "there are no apparent differences" between the documents submitted by defendant and the attachments referenced in plaintiff's complaint.  *See* Notice of Apr. 3, 2014, at (continued . . .)

Under the agreement, Mr. Pucciariello agreed to retire from employment with the FAA on or before February 28, 1999, in exchange for the FAA appointing him as a DAR. *Id.* ¶ 7 & Attach. A at 1-2. In addition, the agreement stated that it "in no manner denies [Mr. Pucciariello] the right of renewal of [his] DAR [appointment] provided he otherwise satisfies all regulatory requirements in place or hereafter added to said regulatory requirements, and is otherwise qualified to be the holder of a DAR." *Id.* Attach. A at 2-3. In accordance with the agreement, Mr. Pucciariello retired on or before February 28, 1999, and the FAA appointed him as a DAR. *Id.* ¶ 8 & Attach. A at 4.

Several years later, on January 25, 2012, the FAA terminated Mr. Pucciariello's DAR appointment after finding that he had not properly performed his duties as a DAR. *See* Compl. ¶ 15 & Attach. B at 1 (January 25, 2012 letter stating that Mr. Pucciariello's DAR appointment was "terminated pursuant to 14 C.F.R. § 183.15(b)(4)" based upon the FAA's determination that Mr. Pucciariello had failed to adequately perform his duties as a DAR). The events leading to the FAA's termination of plaintiff's DAR appointment began on January 8, 2012, when Mr. Pucciariello contacted the South Florida Flight Standards District Office (FSDO) by e-mail with questions relating to the airworthiness certification of a helicopter scheduled to be exported to Brazil. *Id.* Attach. B at 1. As a result of additional e-mail correspondence with Mr. Pucciariello over the next two days, officials at the South Florida FSDO became concerned about Mr. Pucciariello's competence to handle his DAR functions. *Id.* On January 10, 2012, Mr. Pucciariello was instructed to cease all export certification activity until a meeting could be held to assess his capabilities and to determine if remedial training was necessary. *Id.* ¶ 14 & Attach. B. at 1.

The meeting between FAA personnel and Mr. Pucciariello took place on January 18, 2012. Compl. Attach. B at 1. According to FAA records, Mr. Pucciariello's responses to various queries of FAA personnel during the meeting revealed that plaintiff lacked the requisite knowledge to properly perform his DAR functions. *Id.* at 1-2. Specifically, FAA personnel found the documentation provided by plaintiff to be out-of-date or otherwise not in compliance with FAA regulatory guidance. *Id.* at 1. In addition, although Mr. Pucciariello represented

---

1. Plaintiff's notice also included copies of Attachment A and Attachment B – which the court refers to as "Compl. Attach. A" and "Compl. Attach. B."

during the meeting that he had inspected the helicopter when it was fully assembled, as required by FAA regulations, further investigation by FAA personnel revealed that the helicopter was, in fact, disassembled when Mr. Pucciariello performed his inspection.  *Id.* at 2.

Based on these events, on January 25, 2012, Sergio Lopez, manager of the South Florida FSDO, advised Mr. Pucciariello by letter that his DAR appointment had been terminated.  Compl. ¶ 15 & Attach. B at 1-2.  Mr. Lopez's letter set forth the bases for termination and also advised Mr. Pucciariello of his administrative appeal rights.  *Id.* Attach. B at 2 (advising Mr. Pucciariello that he "may submit a request for appeal in writing to this office no later than 14 calendar-days from the date of receipt of this letter").

## III.   Procedural History

Mr. Pucciariello submitted a timely administrative appeal on February 6, 2012.  Compl. ¶ 16.  Thereafter, the FAA Southern Region Office convened an appeal panel to review plaintiff's termination.  *Id.* ¶ 17 & Attach. B at 3.  Upon reviewing the reasons for termination provided by the South Florida FSDO, as well as Mr. Pucciariello's appeal submission, the appeal panel upheld the decision to terminate plaintiff's DAR appointment.  *Id.*  By letter dated March 29, 2012, Thomas A. Winston, division manager for the FAA Southern Region Office, notified Mr. Pucciariello of the appeal panel's "final decision" to uphold the termination of his DAR appointment.  *Id.* Attach. B at 3.

Nearly five months later, on August 27, 2012, plaintiff filed a complaint in the United States District Court for the Southern District of Florida, alleging violations of due process arising out of his DAR termination.  *Pucciariello v. LaHood*, No. 12-61675 (S.D. Fla); *see* Def.'s Mot. App. at A18.  The government filed a motion to dismiss for lack of subject matter jurisdiction, arguing that, pursuant to 49 U.S.C. § 46110 (2006), the United States courts of appeals have exclusive jurisdiction to review the FAA's termination of Mr. Pucciariello's DAR appointment.  The district court agreed, holding that Mr. Pucciariello's due process claims in that forum amounted to a "challeng[e] [of] the FAA's final decision to terminate his DAR status," over which the United States courts of appeals possessed exclusive jurisdiction.  Def.'s Mot. App. at A18-A19 (citing *Doe v. Fed. Aviation Admin.*, 432 F.3d 1259, 1263 (11th Cir. 2005)).  Accordingly, by order

dated April 8, 2013, the district court dismissed Mr. Pucciariello's complaint for lack of subject matter jurisdiction without leave to amend. *Id.* In addition, the district court dismissed Mr. Pucciariello's complaint "by default" and "on the merits" because Mr. Pucciariello never responded to the government's motion to dismiss. *Id.* at A18.

On August 19, 2013, Mr. Pucciariello filed a complaint in this court, seeking damages and injunctive and declaratory relief based upon the FAA's decision to terminate his DAR appointment.[6] Plaintiff characterizes his current challenge to the FAA's termination decision as "an action for 5th Amendment taking of property without just compensation, and without complying with procedural due process and written procedural rules and regulations designed to protect the Plaintiff." Compl. ¶ 1. Additionally, plaintiff asserts that his current claims "are based on [the] Government's breach of an explicit written settlement agreement where Plaintiff agreed to retire and the FAA agreed to assign him as an FAA Designated Airworthiness Representative (DAR)." *Id.*

Plaintiff's complaint contains two counts. In the first count, plaintiff alleges that the FAA breached the terms of the December 1998 settlement agreement by terminating Mr. Pucciariello's DAR appointment "without due process or cause," and in an "arbitrary" and "capricious" manner. Compl. ¶¶ 9-10. In the second count, which plaintiff styles as a claim for "unjust taking without due process," plaintiff alleges that he possesses a property interest in his DAR appointment by virtue of the settlement agreement, and that the FAA deprived him of that property interest without adhering to the agency's internal procedures for appeals from termination decisions. *Id.* ¶¶ 11-18. Specifically, plaintiff asserts that the agency failed to honor Mr. Pucciariello's request for a meeting with the FAA appeal panel, as provided for by FAA Order 8100.8D, ¶ 1108(b)(2). *See id.* ¶¶ 16-17.

As compensation for the FAA's alleged wrongdoing, plaintiff requests damages for lost past and future earnings, as well as damages for "loss of earning capacity" and "loss of reputation in the aviation industry." Compl. ¶ 19; *see also*

---

[6] Plaintiff attempted to file an amended complaint with the court on August 27, 2013. That document, however, was returned unfiled because it contained various defects in violation of this court's rules. *See* Order of Aug. 29, 2013. Plaintiff never attempted to file another amended complaint, and therefore his original complaint remains the active pleading in this case.

*id.* ¶¶ 2, 20-21.  In addition to monetary damages, plaintiff requests "declaratory relief concluding that the United States Government removed him as a DAR in violation of its written agreement and in violation of Plaintiff's procedural due process rights," *id.* ¶ 2, as well as "[i]njunctive relief enjoining the FAA from denying Plaintiff his right to a meeting to appeal [the] termination of his [DAR] designation," *id.* ¶ 22.

On November 18, 2013, the government filed a motion to dismiss plaintiff's complaint pursuant to RCFC 12(b)(1) and RCFC 12(b)(6).  Defendant's motion presents four jurisdictional arguments.  First, the government contends that plaintiff's claims amount to a challenge to his DAR termination, and that the United States courts of appeals have exclusive jurisdiction to review such challenges pursuant to 49 U.S.C. § 46110.  *See* Def.'s Mot. at 9-10; Def.'s Reply at 8.  Second, defendant argues that this court lacks jurisdiction to consider Mr. Pucciariello's breach of contract claim because plaintiff fails to identify a provision of the settlement agreement that mandates the payment of money in the event of the government's breach.  *See* Def.'s Mot. at 13-14 (citing, *e.g.*, *Holmes v. United States*, 657 F.3d 1303, 1314-15 (Fed. Cir. 2011)).  Third, defendant argues that plaintiff has failed to establish jurisdiction over his breach of contract claim because the complaint does not identify the substantive provisions of the settlement agreement upon which Mr. Pucciariello relies, as required by RCFC 9(k).  *See* Def.'s Mot. at 14 (citing *Kissi v. United States*, 102 Fed. Cl. 31, 35 (2011), and *Gonzalez-McCaulley Inv. Grp., Inc. v. United States*, 93 Fed. Cl. 710, 715 (2010)).  Finally, defendant argues that this court lacks jurisdiction to consider plaintiff's claims for equitable relief because such claims are not tied to a money judgment.  *See* Def.'s Mot. at 14-16 (citing, *e.g.*, *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998)).[7]

---

[7]/ The government raises two additional jurisdictional arguments.  First, in its opening brief, the government argues that plaintiff's breach of contract claim and takings claim are, in essence, disguised procedural due process claims over which this court lacks jurisdiction.  *See* Def.'s Mot. at 10-11 (citations omitted).  The government, in its reply brief, withdrew its contention that plaintiff's claims are essentially due process claims.  *See* Def.'s Reply at 1 n.1 (stating that plaintiff "clarifies in his response brief that . . . . [h]e is not alleging any form of due process claim," and therefore the court "need consider only whether plaintiff's two claims [*i.e.*, his breach of contract claim and takings claim] survive [RCFC] 12(b)(1) and [RCFC 12(b)](6)").  Despite defendant's apparent concession that plaintiff does not assert due process claims, the court notes that certain portions of plaintiff's complaint may fairly be read as asserting due (continued . . .)

The government also seeks dismissal of plaintiff's complaint pursuant to RCFC 12(b)(6). With respect to plaintiff's breach of contract claim, defendant argues that plaintiff has failed to allege sufficient facts from which the court may reasonably infer that the FAA breached the settlement agreement by terminating Mr. Pucciariello's DAR appointment. *See* Def.'s Mot. at 16-17; Def.'s Reply at 4-6. With regard to plaintiff's takings claim, the government contends, first, that plaintiff has failed to allege facts plausibly suggesting that Mr. Pucciariello has a cognizable property interest in his DAR appointment that could be the subject of a valid takings claim under the Fifth Amendment. *See* Def.'s Mot. at 18-19; Def.'s Reply at 6. In addition, defendant argues that, even if the court were to conclude that plaintiff sufficiently pleaded a cognizable property interest in his DAR appointment, plaintiff's takings claim should nevertheless be dismissed because it is premised upon allegedly unlawful governmental action.[8] *See* Def.'s Mot. at 19-20; Def.'s Reply at 6.

---

process claims. *See* Compl. ¶¶ 1-2, 4-5, 9, 12, 17-18. In addition, in his response brief, plaintiff cites several cases addressing the procedural due process protections afforded to federal employees. *See* Pl.'s Resp. at 13 (citing *Fed. Deposit Ins. Corp. v. Henderson*, 940 F.2d 465, 474-75 (9th Cir. 1991), *Polos v. United States*, 621 F.2d 385, 389-90 (Ct. Cl. 1980), and *Terry v. United States*, 499 F.2d 695, 702 (Ct. Cl. 1974)). To the extent that plaintiff's complaint may be construed as asserting due process claims, those claims must be dismissed because, as the government correctly notes, due process claims are beyond this court's Tucker Act jurisdiction. *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995)); *see* Def.'s Mot. at 11.

Second, in its reply brief, defendant contends that plaintiff has failed to establish this court's jurisdiction over his breach of contract claim and takings claim because Mr. Pucciariello, by his own admission, never presented those claims at the administrative level. *See* Def.'s Reply at 7-8 (citing *Air Line Pilots Ass'n v. Fed. Aviation Admin.*, 454 F.2d 1052, 1055 (D.C. Cir. 1971), and Pl.'s Resp. at 8). This argument, presented for the first time in defendant's reply brief, is not properly before the court and therefore will not be considered. *See, e.g.*, *Survival Sys., USA, Inc. v. United States*, 102 Fed. Cl. 255, 262 (2011) ("A party's reply brief 'repl[ies]' to arguments made in the response brief'; it does not provide 'the moving party with a new opportunity to present yet another issue for the court's consideration.'" (quoting *Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002))).

[8]/ As additional bases for dismissal pursuant to RCFC 12(b)(6), the government advances several arguments based upon the doctrines of res judicata, or claim preclusion, and collateral estoppel, or issue preclusion. *See* Def.'s Mot. at 11-12; Def.'s Reply at 7. Because, as (continued . . .)

## DISCUSSION

### I.   Standards of Review

#### A.   RCFC 12(b)(1)

The relevant issue in a motion to dismiss under RCFC 12(b)(1) "'is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'"  *Patton v. United States*, 64 Fed. Cl. 768, 773 (2005) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)).  In considering the issue of subject matter jurisdiction, this court must presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of the plaintiff.  *Scheuer*, 416 U.S. at 236; *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988) (citations omitted).

Where the court's jurisdiction is challenged, the plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence and by presenting competent proof.  *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)); *Reynolds*, 846 F.2d at 748 (citations omitted).  If the plaintiff fails to meet his burden, and jurisdiction is therefore found to be lacking, the court must dismiss the action.  RCFC 12(h)(3).

In considering a motion to dismiss for lack of subject matter jurisdiction which challenges the truth of jurisdictional facts alleged in the complaint, the court may make findings of fact pertinent to its jurisdiction.  *Ferreiro v. United States*, 350 F.3d 1318, 1324 (Fed. Cir. 2003) (citing *Moyer v. United States*, 190 F.3d 1314, 1318 (Fed. Cir. 1999), and *Reynolds*, 846 F.2d at 747); *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991) ("In determining whether a motion to dismiss should be granted, the Claims Court may find it necessary to inquire into jurisdictional facts that are disputed.").  In making findings of fact pertinent to its jurisdiction, the court is not restricted to the face of the pleadings, but may review

---

explained *infra*, the court finds that plaintiff's complaint must be dismissed pursuant to RCFC 12(b)(6) on other grounds, the court does not reach defendant's claim preclusion and issue preclusion arguments.

evidence extrinsic to the pleadings, including declarations or affidavits.  *Rocovich*, 933 F.2d at 994 (citing *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947), and *Reynolds*, 846 F.2d at 747).

### B.    RCFC 12(b)(6)

It is well-settled that a complaint should be dismissed for failure to state a claim under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy."  *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002).  To survive a motion to dismiss under RCFC 12(b)(6), "a complaint must allege facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief."  *Kam-Almaz v. United States*, 682 F.3d 1364, 1367 (Fed. Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  In order to meet the requirement of facial plausibility, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679 (citation omitted).

When considering a motion to dismiss under RCFC 12(b)(6), the court is bound to accept the well-pleaded factual allegations of the complaint as true. *Iqbal*, 556 U.S. at 678.  However, the court is not bound to accept as true mere "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).

Although the court primarily examines the allegations in the complaint when considering a motion to dismiss pursuant to RCFC 12(b)(6), it may also consider "'matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record.'"  *A&D Auto Sales, Inc. v. United States*, No. 2013-5019, 2014 WL 1345499, at *1 (Fed. Cir. Apr. 7, 2014) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)); *see also DeKalb Cnty. v. United States*, 108 Fed. Cl. 681, 692 (2013), *appeal dismissed*, No. 13-5074 (Fed. Cir. Sept. 26, 2013); *Toon v. United States*, 96 Fed. Cl. 288, 298-99 (2010); *Stocum v. United States*, 85 Fed. Cl. 217, 221 (2008); *Kawa v. United States*, 77 Fed. Cl. 294, 306 (2007).

Plaintiff attaches to his complaint several documents, which include the settlement agreement at issue as well as correspondence between Mr. Pucciariello and FAA personnel regarding the FAA's decision to terminate Mr. Pucciariello's DAR appointment.  *See* Compl. Attachs. A-B.  Those documents, which are incorporated by reference into the complaint and are integral to plaintiff's claims, may properly be considered by the court without converting defendant's motion to dismiss into one for summary judgment.  *E.g.*, *Toon*, 96 Fed. Cl. at 298-99. Likewise, the court may consider public court documents filed in Mr. Pucciariello's district court action, including Mr. Pucciariello's complaint and the district court's order dismissing that lawsuit.  *E.g.*, *DeKalb*, 108 Fed. Cl. at 692.

## II.     Analysis

### A.     The Court Lacks Subject Matter Jurisdiction over Plaintiff's Claims

Pursuant to the Tucker Act, the United States Court of Federal Claims has jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1) (2012).  The Tucker Act, however, "does not create any substantive right enforceable against the United States for money damages" but "merely confers jurisdiction . . . whenever the substantive right exists."  *United States v. Testan*, 424 U.S. 392, 398 (1976) (citation omitted).  A plaintiff coming before this court, therefore, must identify a separate provision of law conferring a substantive right for money damages against the United States.  *Id.*; *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983), and *Testan*, 424 U.S. at 398); *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) (citing *Testan*, 424 U.S. at 398).  In other words, the source underlying the cause of action must be money-mandating, in that it "'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s]."  *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (quoting *Mitchell*, 463 U.S. at 217)).

To establish Tucker Act jurisdiction, a plaintiff need only make a "nonfrivolous allegation that it is within the class of plaintiffs entitled to recover

under the money-mandating source" identified in the complaint. *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). "There is no further jurisdictional requirement that the court determine whether the additional allegations of the complaint state a nonfrivolous claim on the merits." *Id.*

Here, the alleged money-mandating sources of law identified by Mr. Pucciariello are: (1) the Takings Clause of the Fifth Amendment; and (2) his settlement agreement with the FAA.[9] *See* Compl. ¶¶ 1-3, 6, 9-11; Pl.'s Resp. at 9-12. As set forth below, the court concludes that although both sources can fairly be interpreted as mandating the payment of money, and therefore would normally be sufficient to establish Tucker Act jurisdiction, neither source provides a basis for Tucker Act jurisdiction in this case because a separate statutory provision – 49 U.S.C. § 46110 – bars this court from exercising jurisdiction over plaintiff's claims.

### 1.    Plaintiff's Fifth Amendment Takings Claim

The first money-mandating source of law alleged by plaintiff is the Takings Clause of the Fifth Amendment. "It is undisputed that the Takings Clause of the Fifth Amendment is a money-mandating source for purposes of Tucker Act jurisdiction." *Jan's Helicopter*, 525 F.3d at 1309 (citing *Moden v. United States*, 404 F.3d 1335, 1341 (Fed. Cir. 2005)). Because plaintiff, having alleged a taking of his property by the government, is within the class of plaintiffs entitled to recovery if a Fifth Amendment takings claim is established, the court would normally have Tucker Act jurisdiction over plaintiff's takings claim. *See id.*; Compl. ¶¶ 1, 11-18.

### 2.    Plaintiff's Breach of Settlement Agreement Claim

The second alleged money-mandating source of law identified in plaintiff's complaint is his settlement agreement, which plaintiff alleges was breached by the

---

[9]/ Also, as previously noted, plaintiff appears to rely upon the Fifth Amendment Due Process Clause. *See* Compl. ¶¶ 1-2, 4-5, 9, 12, 17-18; Pl.'s Resp. at 13. However, as explained *supra*, the Fifth Amendment Due Process Clause is not a sufficient basis for Tucker Act jurisdiction because it does not mandate payment by the government. *See supra* note 7.

FAA when the agency terminated his DAR appointment.  *See* Compl. ¶¶ 1-2, 6, 9-10.  As set forth below, the court concludes that the settlement agreement can fairly be interpreted as mandating the payment of money, and thus would normally be sufficient to confer Tucker Act jurisdiction over plaintiff's breach of contract claim.

The term "contract," for purposes of the Tucker Act's grant of jurisdiction over claims based "upon any express or implied contract with the United States," 28 U.S.C. § 1491(a)(1), includes settlement agreements, *see, e.g.*, *Lutz v. U.S. Postal Serv.*, 485 F.3d 1377, 1381 (Fed. Cir. 2007); *Greco v. Dep't of the Army*, 852 F.2d 558, 560 (Fed. Cir. 1988) ("It is axiomatic that a settlement agreement is a contract.").  When the substantive source of law identified as the basis for Tucker Act jurisdiction is an express or implied contract with the United States, the money-mandating requirement for Tucker Act jurisdiction ordinarily is satisfied. *See Bank of Guam v. United States*, 578 F.3d 1318, 1325 (Fed. Cir. 2009) ("A well pleaded allegation of a breach of either an express or implied-in-fact contract is sufficient to overcome challenges to jurisdiction." (citing *Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997))).  That is because monetary damages "are always the default remedy for breach of contract."  *United States v. Winstar Corp.*, 518 U.S. 839, 885 (1996) (citations omitted); *see Holmes*, 657 F.3d at 1314 (noting that "'[i]n the area of government contracts, as with private agreements, there is a presumption in the civil context that a damages remedy will be available upon the breach of an agreement'" (quoting *Sanders v. United States*, 252 F.3d 1329, 1334 (Fed. Cir. 2001))).  As a general matter, therefore, a suit seeking money damages for the alleged breach of a settlement agreement with the government falls within this court's jurisdiction under the Tucker Act.

Despite this general pronouncement, however, it is well-settled that "[t]he government's consent to suit under the Tucker Act does not extend to every contract."  *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (citations omitted).  This court would not, for example, have Tucker Act jurisdiction over a claim alleging the breach of a settlement agreement that expressly provides that damages are not an available remedy for its breach. *See Holmes*, 657 F.3d at 1314 (noting that "[a] contract expressly disavowing money damages would not give rise to Tucker Act jurisdiction").  Nor would Tucker Act jurisdiction extend to a claim for breach of an agreement providing for "purely nonmonetary relief."  *Id.* at 1315.

14

In *Holmes*, the United States Court of Appeals for the Federal Circuit resolved a split of authority in this court over whether Tucker Act jurisdiction extends to a claim alleging breach of an agreement to settle an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (2012). The majority view at the time was that the Court of Federal Claims lacked jurisdiction over such claims because Title VII established an integrated and comprehensive scheme providing for exclusive review of Title VII actions in district courts. *See Holmes*, 657 F.3d at 1311 (citing cases). Rejecting that view, the Federal Circuit in *Holmes* held that a suit against the government alleging breach of a settlement agreement is fundamentally a suit to enforce a contract and therefore within the reach of this court's Tucker Act jurisdiction. *Id.* at 1312.

At the same time, however, the Federal Circuit in *Holmes* cautioned that the alleged breach of a settlement agreement does not necessarily give rise to Tucker Act jurisdiction. 657 F.3d at 1315. Due to the particular nature of Title VII settlement agreements, which the Federal Circuit noted "could involve purely nonmonetary relief – for example, a transfer from one agency office to another," the court held that any plaintiff seeking damages under such an agreement must establish that the agreement could "fairly be interpreted as contemplating money damages in the event of breach." *Id.*

Applying that standard to the Title VII settlement agreements at issue in *Holmes*, the Federal Circuit concluded that the plaintiff in *Holmes* had demonstrated that the agreements in that case could fairly be interpreted as contemplating money damages in the event of breach, and the Federal Circuit therefore reversed this court's dismissal of the complaint for lack of jurisdiction. *See id.* at 1315-16. The plaintiff in *Holmes* alleged that the Department of the Navy (Navy) had breached two agreements settling Title VII employment actions. Under the terms of the settlement agreements, the Navy agreed to expunge a suspension letter from Mr. Holmes' personnel file and to document that he had resigned for personal reasons. *Id.* at 1315. The Navy also agreed to provide Mr. Holmes with a "neutral reference" in response to inquiries from future employers. *Id.* at 1316. Based on those terms, which the Federal Circuit found to "inherently relate to monetary compensation through relationship to . . . future employment," the court held that the settlement agreements in *Holmes* could fairly be interpreted as mandating the payment of money in the event of the government's breach. *Id.*

15

The court also noted that "there is no language in the agreements indicating that the parties did not intend for money damages to be available in the event of breach." *Id.*

In *Cunningham v. United States*, No. 2013-5055, 2014 WL 1377792 (Fed. Cir. Apr. 9, 2014), the Federal Circuit, in a precedential opinion, expanded the jurisdictional holding of *Holmes* to a "substantially similar" claim for breach of an agreement settling the plaintiff's discrimination claim arising under the Civil Service Reform Act of 1978 (CSRA), Pub. L. No. 95-454, 92 Stat. 1111 (codified as amended in scattered sections of Title 5 of the United States Code). *See* 2014 WL 1377792, at *5. The settlement agreement at issue in *Cunningham*, similar to the agreement in *Holmes*, limited what information the Office of Personnel Management (OPM) could disclose regarding the circumstances of Mr. Cunningham's departure from employment with OPM. *Id.* The agreement also required OPM to remove Mr. Cunningham's termination letter from his personnel file. *Id.* Based on those similarities to the settlement agreements in *Holmes*, the Federal Circuit held that the agreement in *Cunningham* "'could fairly be interpreted as contemplating money damages in the event of a breach'" because the agreement inherently related to monetary compensation through relationship to Mr. Cunningham's future employment. *Id.* (quoting *Holmes*, 657 F.3d at 1315).

Citing *Holmes*, the government in the present case contends that plaintiff has failed to establish Tucker Act jurisdiction over his breach of contract claim because he has not identified any provision in the settlement agreement that mandates the payment of money in the event of the government's breach. *See* Def.'s Mot. at 12-14 (citing, *e.g.*, *Holmes*, 657 F.3d at 1314-15); Def.'s Reply at 1-3. Plaintiff, also relying upon *Holmes*, responds by noting that money damages are presumptively available as a remedy for breach of a government contract and, in any event, the settlement agreement at issue can fairly be interpreted as mandating the payment of money because it provided for Mr. Pucciariello's DAR appointment and therefore contemplated monetary compensation. *See* Pl.'s Resp. at 11 ("At least some term of employment was contemplated when the parties drafted the agreement; accordingly some future compensation was contemplated by the parties at the time of drafting.").

The court agrees with plaintiff that Mr. Pucciariello's EEOC settlement agreement, like the settlement agreements in *Holmes* and *Cunningham*, can fairly

be interpreted as contemplating money damages under the standards established by the Federal Circuit in those cases.  Under plaintiff's agreement, the FAA agreed to appoint Mr. Pucciariello as a DAR.  Compl. Attach. A at 1-2.  Although, as noted, DAR appointments are terminable at the discretion of the FAA Administrator, *see* 49 U.S.C. § 44702(d)(2); 14 C.F.R. § 183.15(b); FAA Order 8100.8D, ¶¶ 1105(b), 1108(a), 1414, plaintiff is correct that at least "some future compensation was contemplated by the parties at the time of drafting" of the agreement, *see* Pl.'s Resp. at 11.  Although DARs are not federal employees, they are paid for their services by applicants for airworthiness certificates, who may elect to use DARs to inspect their aircraft at their own cost or choose instead to allow FAA personnel to inspect their aircraft in accordance with existing FAA practice.  *See, e.g.*, *Charlima, Inc. v. United States*, 873 F.2d 1078, 1081 (8th Cir. 1989) (citing Designated Airworthiness Representatives Final Rule, 48 Fed. Reg. 16176, 16179 (Apr. 14, 1983)).  Accordingly, a breach of Mr. Pucciariello's settlement agreement with the FAA could give rise to a claim for compensation because the agreement, like those in *Holmes* and *Cunningham*, contemplates at least some monetary compensation through relationship to Mr. Pucciariello's future service as a DAR.  *See Cunningham*, 2014 WL 1377792, at *5; *Holmes*, 657 F.3d at 1316.  Additionally, like the agreements in *Holmes* and *Cunningham*, Mr. Pucciariello's settlement agreement does not contain language indicating that monetary damages are not available.  *See Cunningham*, 2014 WL 1377792, at *5; *Holmes*, 657 F.3d at 1316.

    The government's attempts to distinguish this case from *Holmes* and *Cunningham* are unavailing.  Defendant argues that plaintiff's settlement agreement is unlike the agreement in *Holmes* because it "did not provide a guarantee of a perpetual DAR appointment," nor did it specifically require the payment of any wages to Mr. Pucciariello.  Def.'s Mot. at 13; *see also* Def.'s Reply at 2-3 (asserting that "the settlement agreement did not guarantee any amount of wages").  Yet neither did the settlement agreements in *Holmes* or *Cunningham*.  The Federal Circuit found the agreements in *Holmes* and *Cunningham* to inherently relate to future compensation not because the agreements guaranteed any future term of employment or mandated the payment of wages, but because the agreements placed restrictions on the personnel information available to Mr. Holmes' and Mr. Cunningham's prospective employers, thereby positively affecting Mr. Holmes' and Mr. Cunningham's future employment prospects.  *See Cunningham*, 2014 WL 1377792, at *5; *Holmes*, 657 F.3d at 1316.

The purpose of such an agreement was not to guarantee future employment or compensation, but "'to prevent [the plaintiff] from being denied future employment based on his record as the [agency] maintained it prior to the agreement[].'" *Cunningham*, 2014 WL 1377792, at *5 (quoting *Holmes*, 657 F.3d at 1316).

Defendant also contends that plaintiff's EEOC settlement agreement cannot fairly be interpreted as contemplating money damages because the standard remedy for breach of a settlement agreement resolving an employment dispute is enforcement of the settlement terms or rescission of the settlement agreement and reinstatement of the underlying action. *See* Def.'s Mot. at 13-14; Def.'s Reply at 1-2. As support for this argument, the government cites the EEOC regulation at 29 C.F.R. § 1614.504 (2013), which provides that a complainant alleging breach of an EEOC settlement agreement "may request that the terms of [the] settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing." 29 C.F.R. § 1614.504(a); *see* Def.'s Mot. at 13. However, as the Federal Circuit specifically found in *Holmes*, 29 C.F.R. § 1614.504(a) does not deprive the Court of Federal Claims of subject matter jurisdiction over suits seeking damages for an alleged breach of an EEOC settlement agreement. *See Holmes*, 657 F.3d at 1316 ("Without diminishing the force of this regulation, we see no reason for § 1614.504(a) to preclude a suit for money damages in the event of breach that is separate from, or in addition to, the relief the regulation provides."). In subsequent cases, this court has adhered to the Federal Circuit's view. *See, e.g.*, *Mata v. United States*, 107 Fed. Cl. 618, 623 (2012) (holding that a negotiated settlement agreement, which contained language nearly identical to 29 C.F.R. § 1614.504(a), could fairly be interpreted as mandating the payment of money under the standard announced in *Holmes* because the agreement "does not contain any language limiting the remedies available to Mr. Mata").

Defendant also relies, unpersuasively, on dicta in a single footnote in the *Holmes* decision in which the Federal Circuit noted that "money damages appear not to be the routine remedy for the breach of a settlement agreement involving an employment dispute." 657 F.3d at 1315 n.8 (citing *Harris v. Brownlee*, 477 F.3d 1043, 1047 (8th Cir. 2007)); *see* Def.'s Mot. at 13-14. The government asserts that this footnote "effectively rebuts" the presumption that a damages remedy will be available upon the breach of a government settlement agreement. *See* Def.'s Reply

at 2.  Defendant's strained interpretation of this single footnote runs headlong into the holding of *Holmes*.  Contrary to the government's reading of *Holmes*, the Federal Circuit's acknowledgement that monetary damages are not the standard remedy for breach of a settlement agreement resolving an employment dispute is not dispositive of the issue at bar.  Accordingly, the court concludes that Mr. Pucciariello's settlement agreement with the FAA can fairly be interpreted as requiring the payment of money.

### 3.   Preemption of Tucker Act Jurisdiction by 49 U.S.C. § 46110

Unfortunately for plaintiff, although his breach of contract and takings claims would otherwise be within this court's Tucker Act jurisdiction, a separate statutory provision bars jurisdiction.  Specifically, defendant asserts that pursuant to 49 U.S.C. § 46110, "[t]he United States Court of Appeals for the District of Columbia Circuit, or for the circuit in which Mr. Pucciariello resides, possess[es] exclusive jurisdiction to review Mr. Pucciariello's DAR termination and any related constitutional claims."  Def.'s Mot. at 9; *see also id.* at 10; Def.'s Reply at 8.  The government contends that the FAA's decision to terminate Mr. Pucciariello's DAR appointment was an order subject to 49 U.S.C. § 46110, and that plaintiff's sole avenue of relief from that order was to file a petition for review in a federal court of appeals.  *See* Def.'s Mot. at 9-10; Def.'s Reply at 8.  For the following reasons, the court agrees with defendant.

49 U.S.C. § 46110 provides, in pertinent part, that

> a person disclosing a substantial interest in an order issued by . . . the Administrator of the Federal Aviation Administration with respect to aviation duties and powers designated to be carried out by the Administrator[] in whole or in part under [Title 49, Subtitle VII, Parts A or B of the United States Code] may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business.

19

49 U.S.C. § 46110(a).  Under 49 U.S.C. § 46110, any petition for review of an administrative order subject to that section "must be filed not later than 60 days after the order is issued."  *Id.*  When such a petition is filed with a federal court of appeals, the court receiving the petition "has exclusive jurisdiction to affirm, amend, modify, or set aside any part of the order."  *Id.* § 46110(c).

The court's analysis of the jurisdictional impact of 49 U.S.C. § 46110 begins with a determination of whether the FAA's termination of Mr. Pucciariello's DAR appointment falls within the ambit of 49 U.S.C. § 46110.  If the answer to that initial query is "yes," then the court must determine whether plaintiff may nevertheless bring his claims before this court notwithstanding the applicability of 49 U.S.C. § 46110.

> ### a. The FAA's Termination of Plaintiff's DAR Appointment Is an Order Subject to the Exclusive Review Mechanism Set Forth in 49 U.S.C. § 46110

By its terms, 49 U.S.C. § 46110 applies if the FAA's termination of Mr. Pucciariello's DAR appointment constitutes an "order issued by . . . the [FAA] Administrator . . . with respect to aviation duties and powers designated to be carried out by the Administrator[] in whole or in part under [Title 49, Subtitle VII, Parts A or B of the United States Code]."  49 U.S.C. § 46110(a).  Because the authority to terminate Mr. Pucciariello's DAR appointment is conferred by 49 U.S.C. § 44702(d)(2),[10] which is located within Title 49, Subtitle VII, Part A of the United States Code, the FAA's termination decision is clearly within the scope of agency actions covered by 49 U.S.C. § 46110.  Consequently, if the FAA's termination decision is an "order" within the meaning of 49 U.S.C. § 46110, then the federal courts of appeals would have exclusive jurisdiction to review that order.

Although the court has not identified any reported decisions of the United States Supreme Court or the Federal Circuit applying 49 U.S.C. § 46110,[11]

---

[10]/  As previously noted, 49 U.S.C. § 44702(d)(2) provides that the FAA Administrator may rescind, or choose not to renew, a DAR appointment "at any time for any reason the Administrator considers appropriate."

(continued . . .)

numerous decisions of other federal courts of appeals have interpreted and applied 49 U.S.C. § 46110,[12] as well as its predecessor, 49 U.S.C. § 1486(a).[13]  In the

---

[11]/  The court's research has revealed only one, non-precedential, Federal Circuit decision applying 49 U.S.C. § 46110.  In *BFI Waste Systems of North America, Inc. v. Garvey*, 243 F.3d 565 (Fed. Cir. 2000) (table), the Federal Circuit, citing 49 U.S.C. § 46110, concluded that it lacked jurisdiction to consider a petition for review of an unspecified FAA order, and granted BFI's motion to transfer its petition for review to the United States Court of Appeals for the District of Columbia Circuit.

This court's precedent applying 49 U.S.C. § 46110 is nearly as sparse.  In *Crane Helicopter Services, Inc. v. United States*, 45 Fed. Cl. 410 (1999), the court noted that "the various United States Courts of Appeals have exclusive jurisdiction to review FAA Orders" pursuant to 49 U.S.C. § 46110, but the court concluded that 49 U.S.C. § 46110 did not apply in that case because neither party challenged a decision of the FAA.  *See* 45 Fed. Cl. at 436 n.27. Rather, the plaintiff in *Crane Helicopter* asserted that the United States Forest Service had breached a forest fire suppression contract, and the government asserted counterclaims alleging that the plaintiff had falsely represented its aircraft as a civilian aircraft in order to obtain a necessary FAA certification.  *Id.*  In that procedural context, the court concluded that "FAA Orders are not the focus of review," and therefore 49 U.S.C. § 46110 did not apply.  *Id.*  Perhaps the most directly applicable decision of this court is *Mike's Contracting, LLC v. United States*, 92 Fed. Cl. 302 (2010), which involved a helicopter owner's constitutional and tort claims challenging the FAA's decision to suspend an airworthiness certificate for one of the plaintiff's helicopters based upon the agency's determination that the helicopter posed an "ongoing and unacceptable risk to aviation safety."  92 Fed. Cl. at 305.  In a footnote, the court noted that, to the extent that the helicopter owner's claims could be construed as challenging the FAA's safety determination, this court lacked jurisdiction to consider any such claims because 49 U.S.C. § 46110 vested exclusive jurisdiction in the United States courts of appeals over any direct challenge to the FAA's safety determination.  *See id.* at 309 n.12.

[12]/  *See, e.g.*, *Lacson v. U.S. Dep't of Homeland Sec.*, 726 F.3d 170 (D.C. Cir. 2013); *Blitz v. Napolitano*, 700 F.3d 733 (4th Cir. 2012); *Jones v. United States*, 625 F.3d 827 (5th Cir. 2010); *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616 (7th Cir. 2007); *Americopters, LLC v. Fed. Aviation Admin.*, 441 F.3d 726 (9th Cir. 2006); *Merritt v. Shuttle, Inc.*, 245 F.3d 182 (2d Cir. 2001); *Aviators for Safe & Fairer Regulation, Inc. v. Fed. Aviation Admin.*, 221 F.3d 222 (1st Cir. 2000); *City of Pierre v. Fed. Aviation Admin.*, 150 F.3d 837 (8th Cir. 1998); *Aerosource, Inc. v. Slater*, 142 F.3d 572 (3d Cir. 1998).

[13]/  49 U.S.C. § 1486(a) originally provided that

> [a]ny order, affirmative or negative, issued by the . . . [FAA]
> Administrator under this chapter . . . shall be subject to review by

(continued . . .)

absence of applicable binding authority, the decisions of other courts of appeals are helpful aids to this court's analysis.

The term "order," for purposes of 49 U.S.C. § 46110, has been given "'expansive construction'" by the United States courts of appeals. *Ligon v. LaHood*, 614 F.3d 150, 154 (5th Cir. 2010) (quoting *Atorie Air, Inc. v. Fed. Aviation Admin.*, 942 F.2d 954, 960 (5th Cir. 1991)); *accord Gilmore v. Gonzales*, 435 F.3d 1125, 1132 (9th Cir. 2006) ("Courts have given a broad construction to the term 'order' in Section 1486(a) [46110's predecessor].") (alteration in original) (citation and internal quotation marks omitted); *Green v. Brantley*, 981 F.2d 514, 519 (11th Cir. 1993) (stating that "other circuits have . . . noted that '[t]he term order in [49 U.S.C. § 1486, the predecessor to 49 U.S.C. § 46110,] has been given expansive construction'" (quoting *Atorie Air*, 942 F.2d at 960)). However, to be reviewable pursuant to 49 U.S.C. § 46110, an agency order must be final, and the agency record must be adequate to enable judicial review. *See, e.g.*, *Ligon*, 614 F.3d at 154 (citing *Atorie Air*, 942 F.2d at 960). To be sufficiently final, an order "need only be an agency decision which imposes an obligation, denies a right, or fixes some legal relationship." *Id.* (citation and internal quotation marks omitted).

Defendant asserts, and plaintiff does not contest, that the FAA's March 29, 2012 "final decision" to uphold the termination of Mr. Pucciariello's DAR appointment constitutes an appealable order within the meaning of 49 U.S.C. § 46110. *See* Def.'s Mot. at 4-5; Pl.'s Resp. at 8 (characterizing Mr. Pucciariello's

---

the courts of appeals of the United States or the United States Court of Appeals for the District of Columbia upon petition, filed within sixty days after the entry of such order, by any person disclosing a substantial interest in such order.

*Sutton v. U.S. Dep't of Transp.*, 38 F.3d 621, 624 (2d Cir. 1994) (quoting 49 U.S.C. § 1486(a) (1994)); *see also Suburban O'Hare Comm'n v. Dole*, 787 F.2d 186, 192 (7th Cir. 1986). Congress revised and recodified that section in July 1994. *See* Act of July 5, 1994, Pub. L. No. 103-272, sec. 1(e), § 46110, 108 Stat. 745, 1230. The intended purpose of the Act of July 5, 1994, as reflected in the House report pertaining to that statute, was to "restate in comprehensive form, *without substantive change*, certain general and permanent laws related to transportation and . . . to make other technical improvements in the Code." H.R. Rep. No. 180, 103d Cong., 2nd Sess. 1 (1993) (emphasis added), *reprinted in* 1994 U.S.C.C.A.N. 818, 818; *see also id.* ("As in other codification bills enacting titles of the United States Code into positive law, this bill makes no substantive change in the law."), *reprinted in* 1994 U.S.C.C.A.N. at 822.

previous district court lawsuit as "an appeal from the administrative level of the Federal Aviation Administration that was decided on March 29, 2012"). The court agrees. The March 29, 2012 letter announced that the FAA appeal panel had "determined [that] the facts . . . support[ed] the managing office's decision to terminate [Mr. Pucciariello's] authority to act as a representative of the Administrator." Compl. Attach. B at 3. That letter clearly denied a right and fixed a legal relationship between Mr. Pucciariello and the FAA by terminating his ability to issue airworthiness certificates and to conduct inspections, testing, and examinations necessary to issue such certificates. Therefore, the FAA's March 29, 2012 "final decision" possesses the requisite finality to be an "order" within the meaning of 49 U.S.C. § 46110.

Furthermore, although the entire extent of the administrative record is unknown, it is evident from the complaint and the parties' briefs that the record contains not only the settlement agreement itself, which sets forth the basis for Mr. Pucciariello's DAR appointment, but also correspondence from the FAA to Mr. Pucciariello explaining the process by which the agency decided to terminate Mr. Pucciariello's DAR appointment as well as the agency's asserted bases for termination. *See* Compl. Attachs. A-B; Def.'s Mot. at 1-4. In his complaint, plaintiff challenges both the merits of the FAA's termination decision as well as the procedures used by the agency in arriving at that decision. *See* Compl. ¶¶ 9-10 (alleging that the FAA's termination decision was "without due process or cause" and was "arbitrary, capricious and otherwise in violation of the law"). The record herein, which sets forth the reasons supporting the FAA's termination decision and describes the procedures afforded to Mr. Pucciariello, is sufficient to allow a reviewing court to make an informed decision on plaintiff's claims. *See Green*, 981 F.2d at 519 (holding that an administrative record consisting of documents describing the FAA's investigation of alleged misconduct by plaintiff, a former designated pilot examiner, as well as related correspondence between plaintiff and FAA personnel, "would allow a reviewing court to make an informed decision of the procedure afforded and the reasons supporting" the FAA's revocation of plaintiff's certificate of authority); *see also Gilmore*, 435 F.3d at 1133 (noting that "[a]n adequate record [under 49 U.S.C. § 46110] . . . may consist of 'little more' than a letter" (quoting *San Diego Air Sports Ctr., Inc. v. Fed. Aviation Admin.*, 887 F.2d 966, 969 (9th Cir. 1989))).

The court therefore concludes that the FAA's March 29, 2012 "final decision" to uphold the termination of Mr. Pucciariello's DAR appointment was an order subject to 49 U.S.C. § 46110.  Accordingly, pursuant to the plain terms of that statute, the United States courts of appeals have jurisdiction over any review of the FAA's termination decision, and any petition for review of that decision had to have been filed within sixty days of March 29, 2012.  *See* 49 U.S.C. § 46110(a), (c).

> **b.**    **49 U.S.C. § 46110 Provides a Specific and Comprehensive Scheme of Judicial Review that Preempts Tucker Act Jurisdiction**

Mr. Pucciariello never filed a petition for review of the FAA's order with a United States court of appeals.  Instead, he chose to file suit in the United States District Court for the Southern District of Florida, alleging that the FAA's termination of his DAR appointment violated his due process rights under the Fifth Amendment.  *Pucciariello v. LaHood*, No. 12-61675 (S.D. Fla filed Aug. 27, 2012).  Then, after his claims in that forum were dismissed for lack of jurisdiction pursuant to 49 U.S.C. § 46110 as well as on the merits by default, *see* Def.'s Mot. App. at A18-A19, Mr. Pucciariello filed suit in this court, alleging that the FAA's termination of his DAR appointment breached his December 1998 settlement agreement and effected an uncompensated taking in violation of the Fifth Amendment.

The question that remains is whether Mr. Pucciariello may bring his claims in this court pursuant to the Tucker Act, thereby circumventing the exclusive jurisdiction of the United States courts of appeals under 49 U.S.C. § 46110.  For the following reasons, the court concludes that he may not.

It is fundamental that all federal courts, except the Supreme Court, are creatures of statute established by Congress, and therefore possess only the jurisdiction granted to them by Congress.  *In re United States*, 877 F.2d 1568, 1571 (Fed. Cir. 1989) (citing U.S. Const. art. I, § 1).  Congress, acting within its constitutional powers, may freely choose the court in which judicial review of administrative orders may occur.  *See City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958) ("It can hardly be doubted that Congress, acting within its

constitutional powers, may prescribe the procedures and conditions under which, and the courts in which, judicial review of administrative orders may be had.").

As a court established by Congress under Article I of the United States Constitution, the Court of Federal Claims "enjoys only so much judicial power as Congress expressly permits." *Cent. Ark. Maint., Inc. v. United States*, 68 F.3d 1338, 1341 (Fed. Cir. 1995) (citations omitted). Although Congress, via the Tucker Act, has granted broad authority to this court to adjudicate "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort," 28 U.S.C. § 1491(a)(1), Congress may withdraw any grant of Tucker Act jurisdiction, *see Tex. Peanut Farmers v. United States*, 409 F.3d 1370, 1373 (Fed. Cir. 2005) (citing, *e.g.*, *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1016-17 (1984)).

The Federal Circuit has consistently found preemption of Tucker Act jurisdiction where Congress has enacted a precisely drawn, comprehensive, and detailed scheme of review in another forum. *See, e.g.*, *Texas Peanut Farmers*, 409 F.3d at 1373 (finding preemption of Tucker Act jurisdiction over claims for breach of a crop insurance contract, where Congress granted the district courts exclusive jurisdiction over claims against the Federal Crop Insurance Corporation); *Wilson v. United States*, 405 F.3d 1002, 1009 (Fed. Cir. 2005) (holding that Congress, by enacting the Medicare Act, withdrew Tucker Act jurisdiction over claims for Medicare benefits); *Folden v. United States*, 379 F.3d 1344, 1357 (Fed. Cir. 2004) (affirming dismissal of implied-in-fact contract claims and constitutional claims by applicants for cellular licenses because Congress, in the Communications Act, reserved judicial review of Federal Communications Commission licensing decisions exclusively in the United States Court of Appeals for the District of Columbia Circuit); *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (holding that Tucker Act jurisdiction over plaintiff's takings claim was preempted by the "specific and comprehensive scheme for administrative and judicial review" enacted by Congress in the Controlled Substance Act) (citation and internal quotation marks omitted); *Massie v. United States*, 166 F.3d 1184, 1188 (Fed. Cir. 1999) ("[A] contract will not fall within the purview of the Tucker Act if Congress has placed jurisdiction over it elsewhere.").

The court concludes that 49 U.S.C. § 46110 provides such a specific and comprehensive scheme with respect to judicial review of FAA orders.  In reaching that conclusion, the court has no reason to look beyond the plain text of the 49 U.S.C. § 46110, in which Congress clearly expressed its intention that the federal courts of appeals would have "exclusive jurisdiction to affirm, amend, modify, or set aside any part of" an FAA order.  49 U.S.C. § 46110(c).  Applying this clear language, several federal courts of appeals have held that the judicial review scheme set forth in 49 U.S.C. § 46110 (and its predecessor, 49 U.S.C. § 1486(a)) is exclusive.  *See, e.g.*, *Blitz*, 700 F.3d at 740 (concluding that, by enacting 49 U.S.C. § 46110, "Congress clearly expressed its intention that any legal challenge to a § 46110 order . . . be brought in the first instance in a court of appeals"); *Americopters*, 441 F.3d at 732 (noting that the federal courts of appeals' jurisdiction to review FAA orders pursuant to 49 U.S.C. § 46110 is "exclusive"); *Clark v. Busey*, 959 F.2d 808, 811 (9th Cir. 1992) (concluding that pursuant to 49 U.S.C. § 1486, "the court of appeals' jurisdiction is exclusive with regard to review of final FAA actions") (citations omitted); *Suburban O'Hare Commission*, 787 F.2d at 192 (same) (citations omitted).  The court finds the reasoning of these decisions to be persuasive, and concludes that the specific and exclusive jurisdictional authority granted to the federal courts of appeals in 49 U.S.C. § 46110 controls and takes precedence over the general and non-exclusive jurisdictional authority afforded by the Tucker Act.

> **c.    Plaintiff's Claims Are Inescapably Intertwined with a Challenge to the FAA's Termination of Plaintiff's DAR Appointment**

The court's analysis does not end here, however, because plaintiff's complaint does not seek to "amend, modify, or set aside any part of" the FAA's termination order, *see* 49 U.S.C. § 46110(c), but rather seeks monetary damages based upon the FAA's alleged breach of a settlement agreement and alleged uncompensated taking in violation of the Fifth Amendment – claims over which this court would normally possess Tucker Act jurisdiction.  *See Americopters*, 441 F.3d at 736 (noting that "[i]n principle, a district court may decide a claim for damages because § 46110 does not grant the court of appeals jurisdiction over this form of relief" (citing *Mace v. Skinner*, 34 F.3d 854, 858 (9th Cir. 1994)).  The question remains, therefore, whether 49 U.S.C. § 46110 precludes this court's jurisdiction over plaintiff's Tucker Act claims for monetary damages.  For the

following reasons, the court concludes that Mr. Pucciariello's monetary claims are, in essence, challenges to the FAA's termination of his DAR appointment, and therefore are subject to the exclusive jurisdictional scheme set forth in 49 U.S.C. § 46110.

Several United States courts of appeals, including the Federal Circuit, have recognized that statutes such as 49 U.S.C. § 46110 that vest judicial review of administrative orders exclusively in the courts of appeals also extend to monetary claims that are "inescapably intertwined" with review of such orders. *See, e.g.*, *Pines Residential Treatment Ctr. v. United States*, 444 F.3d 1379, 1381 (Fed. Cir. 2006) (affirming dismissal of a breach of settlement agreement claim brought by former operator of a mental health treatment facility because the claim was "inescapably intertwined" with a claim for Medicare benefits, over which Congress had preempted Tucker Act jurisdiction (citing *Heckler v. Ringer*, 466 U.S. 602, 614 (1984))); *Doe*, 432 F.3d at 1263 (holding that aircraft mechanics' due process claims challenging the FAA's planned reexamination of plaintiffs' airmen competency "necessarily require a review of the procedures and actions taken by the FAA with regard to the mechanics' certificates" and therefore fell within the exclusive scheme of judicial review set forth in 49 U.S.C. § 44709 (citing *Green*, 981 F.2d at 520)); *Merritt v. Shuttle, Inc.*, 187 F.3d 263, 271 (2d Cir. 1999) (holding that a commercial airline pilot's due process claims based upon the FAA's suspension of plaintiff's flight privileges were "inescapably intertwined" with review of the FAA's suspension order and were therefore subject to 49 U.S.C. § 46110); *Jones*, 625 F.3d at 829-30 (holding that plaintiff's retaliation claims challenging the FAA's denial of plaintiff's application for an appointment as a designated engineering representative were "inescapably intertwined with a challenge to the procedure and merits of that final order" and therefore were impermissible collateral attacks barred by 49 U.S.C. § 46110) (citations omitted). As recognized by the Ninth Circuit, the purpose of this "inescapably intertwined" doctrine is "to prevent litigants from using a damages claim as a collateral attack on a pending FAA order and to allow courts to identify and dismiss damages claims that are actually thinly disguised attempt[s] at an end-run around the jurisdictional limitation imposed by [49 U.S.C. § 46110]." *Americopters*, 441 F.3d at 736 (citations and internal quotation marks omitted).

The court's review of the complaint and the parties' briefs confirms that Mr. Pucciariello's claims are inescapably intertwined with a challenge to the procedure

27

and merits surrounding the FAA's order terminating his DAR appointment.  As noted, the complaint alleges a number of procedural improprieties with the FAA's decision to terminate Mr. Pucciariello's DAR appointment.  *See* Compl. ¶¶ 1-2, 4-5, 9, 12, 17-18.  It also challenges the merits of the FAA's termination by alleging that the agency's decision was without "cause" and was "arbitrary" and "capricious."  *Id.* ¶¶ 9-10; *see also id.* ¶ 18 (asserting that "[t]he FAA's alleged reasons for the termination of Plaintiff's DAR are without merit").  Therefore, a consideration of plaintiff's claims would necessarily require a review of the procedures used and actions taken by the FAA with regard to the agency's termination of Mr. Pucciariello's DAR appointment, and would also require a review and balancing of the same evidence used by the agency to support its decision in that regard.  The exclusive scheme of judicial review of FAA orders set forth in 49 U.S.C. § 46110 bars such a collateral attack, and plaintiff's attempt to repackage what are essentially challenges to an FAA order into breach of contract and Fifth Amendment takings claims must fail.  *See, e.g.*, *Pines Residential Treatment Center*, 444 F.3d at 1381.

Accordingly, the court concludes that it lacks jurisdiction to consider plaintiff's breach of contract claim and his Fifth Amendment takings claim because those claims are subject to the exclusive jurisdictional scheme set forth in 49 U.S.C. § 46110.  Both claims must therefore be dismissed for lack of subject matter jurisdiction.[14]

---

[14]/  As previously noted, defendant also argues, as an additional basis for dismissal of plaintiff's breach of contract claim pursuant to RCFC 12(b)(1), that the complaint fails to identify the relevant substantive provisions of the settlement agreement, as required by RCFC 9(k).  *See* Def.'s Mot. at 14.  The court rejects that argument.  RCFC 9(k) provides that a party, in pleading a claim founded on a contract, must "identify the substantive provisions of the contract . . . on which the party relies."  The rule also provides, however, that "[i]n lieu of a description, the party may annex to the complaint a copy of the contract or treaty, indicating the relevant provisions."  RCFC 9(k); *see Huntington Promotional & Supply, LLC v. United States*, 114 Fed. Cl. 760, 766 (2014).  Here, plaintiff attached a copy of the relevant settlement agreement to his complaint.  *See* Compl. Attach. A at 1-3.  Although the complaint itself did not identify the specific provisions of the settlement agreement that plaintiff alleges were breached, plaintiff provided such information in his response brief.  *See* Pl.'s Resp. at 11-12 (asserting that the FAA breached the provision of the settlement agreement stating that the agreement "in no manner denies [Mr. Pucciariello] the right of renewal of [his] DAR [appointment] provided he otherwise satisfies all regulatory requirements in place or hereafter added to said regulatory (continued . . .)

### 4.   No Jurisdiction to Award Plaintiff's Requested Injunctive and Declaratory Relief

Defendant next argues that the court lacks jurisdiction to award the injunctive and declaratory relief requested by plaintiff.  *See* Def.'s Mot. at 14-16. The court agrees.

The Court of Federal Claims may award equitable relief in only very limited, statutorily defined, circumstances.  *See United Keetoowah Band of Cherokee Indians of Okla. v. United States*, 480 F.3d 1318, 1326 n.5 (Fed. Cir. 2007) (citation omitted); *Kanemoto v. Reno*, 41 F.3d 641, 644-45 (Fed. Cir. 1994) ("The remedies available in [the Court of Federal Claims] extend only to those affording monetary relief; the court cannot entertain claims for injunctive relief or specific performance, except in narrowly defined, statutorily provided circumstances . . . .").  One such circumstance, and the only one that is potentially relevant to this case, is when the requested equitable relief is "tied and subordinate to a money judgment."  *James*, 159 F.3d at 580 (citation and internal quotation marks omitted); *see also* 28 U.S.C. § 1491(a)(2) (allowing equitable relief that is "an incident of and collateral to" a money judgment in order to "provide an entire remedy and to complete the relief afforded by the judgment").  In that circumstance, the court may "issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records."  28 U.S.C. § 1491(a)(2).

The government contends that equitable relief is "the primary goal of [plaintiff's] lawsuit," and therefore by definition cannot be tied and subordinate to any award of monetary damages.  *See* Def.'s Mot. at 16 (citing, *e.g.*, *Thorndike v. United States*, 72 Fed. Cl. 580, 583 (2006), and *Rice v. United States*, 31 Fed. Cl. 156, 164 (1994)).  Although the court finds this assertion to be unfounded inasmuch as plaintiff's complaint clearly and repeatedly requests monetary damages in the form of lost past and future earnings, "loss of earning capacity," and "loss of reputation in the aviation industry," *see* Compl. ¶¶ 2, 19-21, the court nevertheless concludes that it lacks authority under 28 U.S.C. § 1491(a)(2) to provide the equitable relief requested by plaintiff.

_____

requirements, and is otherwise qualified to be the holder of a DAR" (citing Compl. Attach. A at 2-3)).  Plaintiff has therefore substantially complied with the requirements of RCFC 9(k).

First, as noted *supra*, plaintiff's requested injunction would "enjoin[] the FAA from denying Plaintiff his right to a meeting to appeal [the] termination of his [DAR] designation." Compl. ¶ 22.  This injunction would not be merely incidental to an award of lost earnings, "loss of earning capacity," and "loss of reputation in the aviation industry," *see id.* ¶ 19, but rather would be separate from, and in addition to, such requested damages.[15]  Moreover, even if plaintiff's requested injunction were merely incidental to the damages requested in his complaint, it does not fall within the narrow group of orders specified in 28 U.S.C. § 1491(a)(2) because it does not "direct[] restoration to office or position, placement in appropriate duty or retirement status, [or] correction of applicable records."

Furthermore, and most fundamentally, because the court concludes that it lacks jurisdiction over plaintiff's monetary claims, *see supra*, and that plaintiff has failed in any event to state a claim for damages, *see infra*, the court has no basis upon which to exercise jurisdiction over plaintiff's claims for injunctive or declaratory relief.  *See, e.g.*, *Legal Aid Soc'y of New York v. United States*, 92 Fed. Cl. 285, 301 (2010) (holding that jurisdiction was lacking with respect to plaintiff's equitable claims under 28 U.S.C. § 1491(a)(2) because plaintiff failed to state a claim for money damages); *Flowers v. United States*, 80 Fed. Cl. 201, 217, 223 (2008) (holding that "plaintiff does not have a claim for presently due money damages," and therefore the court lacked jurisdiction to consider plaintiff's claims for equitable relief), *aff'd*, 321 Fed. Appx. 928 (Fed. Cir. 2008).  Thus, the court cannot consider plaintiff's claims for injunctive or declaratory relief.

---

[15]/  In contrast, plaintiff's requested declaration – that the FAA terminated Mr. Pucciariello's DAR appointment "in violation of its written agreement," *see* Compl. ¶ 2 – would merely serve as the substantive basis for an award of monetary damages. *See Pauley Petroleum Inc. v. United States*, 591 F.2d 1308, 1315 (Ct. Cl. 1979) (explaining that "[e]quitable doctrines can be employed incidentally to this court's monetary jurisdiction either as equitable procedures to arrive at a money judgment or as substantive principles on which to base the award of a money judgment") (citations omitted).  Ultimately, however, the court lacks jurisdiction to award plaintiff's requested declaratory relief because, as explained *infra*, plaintiff has failed to state a claim for money damages.

**B.     Plaintiff Has Failed to State a Claim upon which Relief Can Be Granted**

The court has dismissed all of plaintiff's claims for lack of subject matter jurisdiction.  Nevertheless, in the interests of judicial economy, the court considers, in the alternative, defendant's RCFC 12(b)(6) arguments.  Specifically, the government argues that even if the court were to assume jurisdiction over plaintiff's claims, his claims must nevertheless be dismissed for failure to state a claim upon which relief can be granted.  The court agrees, for the following reasons.

**1.     Plaintiff Has Failed to State a Claim for Breach of the Settlement Agreement**

The government argues that plaintiff has failed to allege facts that, if true, would allow the court to reasonably infer that the FAA breached plaintiff's settlement agreement.  *See* Def.'s Mot. at 16-17; Def.'s Reply at 4-6.  In that regard, defendant notes that under the settlement agreement which plaintiff attached to his complaint, Mr. Pucciariello agreed to retire from employment with the FAA on or before February 28, 1999 and the FAA agreed to appoint him as a DAR.  *See* Def.'s Mot. at 16 (citing Compl. ¶ 7 & Attach. A at 1-2).  Defendant asserts that, accepting as true the allegations of the complaint, both parties fulfilled their respective obligations under the settlement agreement when Mr. Pucciariello retired on or before February 28, 1999 and the FAA appointed him as a DAR.  *See id.* at 16-17 (citing Compl. ¶ 8 & Attach. A at 4).  In addition, defendant asserts that the settlement agreement "did not provide a guarantee of a perpetual DAR appointment," and therefore plaintiff has failed to make a plausible demonstration that the FAA's termination of Mr. Pucciariello's DAR appointment resulted in a breach of the agreement.  *See id.* at 17.

In response, plaintiff asserts that the FAA, in terminating his DAR appointment, breached the provision of the settlement agreement stating that the agreement "in no manner denies [Mr. Pucciariello] the right of renewal of [his] DAR [appointment] provided he otherwise satisfies all regulatory requirements in place or hereafter added to said regulatory requirements, and is otherwise qualified to be the holder of a DAR."  Compl. Attach. A at 2-3; *see* Pl.'s Resp. at 12. Plaintiff interprets this provision of the agreement as imposing a "for-cause"

31

limitation on the FAA's ability to terminate or refuse to renew Mr. Pucciariello's DAR appointment.  *See* Pl.'s Resp. at 12 (stating that the agreement "clearly states that the FAA had to renew Plaintiff's DAR upon Plaintiff's request 'provided he otherwise satisfies all . . . regulatory requirements in place' and was otherwise qualified to hold a DAR appointment" (quoting Compl. Attach. A at 2-3)).  In plaintiff's view, the FAA's termination of Mr. Pucciariello's DAR appointment breached the agreement because Mr. Pucciariello "had at all times satisfied the applicable regulatory requirements and was otherwise qualified to hold the DAR."  *See id.*  In addition, plaintiff asserts that the FAA "breached the settlement agreement by failing to give Plaintiff an adequate hearing at which he could refute the basis for his DAR non-renewal."  *Id.*

In order to state a claim for breach of the settlement agreement, Mr. Pucciariello must allege facts plausibly suggesting:  (1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by the breach.  *San Carlos Irrigation & Drainage Dist. v. United States*, 877 F.2d 957, 959 (Fed. Cir. 1989).  Interpretation of the settlement agreement, as with any contract, begins with the agreement's plain language.  *See, e.g.*, *Coast Fed. Bank v. United States*, 323 F.3d 1035, 1038 (Fed. Cir. 2003) (en banc); *United Int'l Investigative Servs. v. United States*, 109 F.3d 734, 737 (Fed. Cir. 1997).  In addition, the agreement should be interpreted as a whole and in a manner which gives "'reasonable meaning to all its parts.'"  *Northrop Grumman Corp. v. Goldin*, 136 F.3d 1479, 1483 (Fed. Cir. 1998) (quoting *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991)).

For three reasons, the court concludes that plaintiff has failed to state a claim for breach of the settlement agreement.  First, as a preliminary matter, the court does not agree with plaintiff's interpretation of the settlement agreement as guaranteeing the continuation of Mr. Pucciariello's DAR appointment absent a showing of "cause" for termination or nonrenewal.  As noted *supra*, 49 U.S.C. § 44702 and the regulatory scheme promulgated thereunder vest plenary discretion in the FAA Administrator to terminate, or choose not to renew, DAR appointments.  *See* 49 U.S.C. § 44702(d)(2) (providing that the FAA Administrator "may rescind a delegation under this subsection" – including a DAR appointment – "at any time for any reason the Administrator considers appropriate"); 14 C.F.R. § 183.15(b) (FAA's implementing regulations setting forth the bases for termination or nonrenewal of DAR appointments, including, *inter alia*, "[f]or any reason the

Administrator considers appropriate"); FAA Order 8100.8D, ¶ 1105(b) (stating that "[d]esignation is a privilege that conveys responsibilities, but does not imply employment or other rights unrelated to FAA needs," and incorporating the bases for termination of a DAR appointment as set forth in 14 C.F.R. § 183.15(b)), ¶ 1108(a) (stating that "[a] designation is a privilege, not a right," and "therefore[] the Administrator has the authority to terminate a delegation for any reason"), ¶ 1414 (stating that "renewal of any designee appointment is at the option and sole discretion of the FAA").

The provision of the settlement agreement upon which plaintiff relies cannot be read as divesting the FAA Administrator of his statutorily-conferred discretion to decide whether to terminate or not renew Mr. Pucciariello's DAR appointment. That provision stated that the settlement agreement "in no manner denies [Mr. Pucciariello] the right of renewal of [his] DAR [appointment] provided he otherwise satisfies all regulatory requirements in place or hereafter added to said regulatory requirements, and is otherwise qualified to be the holder of a DAR." Compl. Attach. A at 2-3. Far from imposing a "for-cause" limitation on the FAA's discretion to terminate or not renew Mr. Pucciariello's DAR appointment, this provision simply alluded to two of the non-exclusive bases for termination or nonrenewal of DAR appointments set forth in the FAA's implementing regulations – namely, "[u]pon a finding by the Administrator that the representative has not properly performed his or her duties under the designation," or "[f]or any reason the Administrator considers appropriate." *See* 14 C.F.R. § 183.15(b)(4), (6). To interpret this provision as guaranteeing Mr. Pucciariello a perpetual DAR appointment subject only to a finding of "cause" for termination would be unreasonable, particularly where, as here, such an interpretation would contradict the clear congressional grant of discretion with respect to the termination or nonrenewal of DAR appointments. *See Capital Props., Inc. v. United States*, 56 Fed. Cl. 427, 434 (2003) ("The rule that contract terms will be given their ordinary meaning is particularly applicable where the contract language is easily construed in harmony with the pertinent statute." (citing, *e.g.*, *Am. Science & Eng'g, Inc. v. United States*, 663 F.2d 82, 88 (Ct. Cl. 1981))), *aff'd*, 89 F. App'x 262 (Fed. Cir. 2004).

Second, even if the settlement agreement could reasonably be interpreted as imposing a "for-cause" limitation on the FAA's ability to terminate or not renew Mr. Pucciariello's DAR appointment, plaintiff has failed to allege facts plausibly

33

suggesting that the FAA lacked cause to terminate that appointment.  As the government correctly notes, plaintiff attached to his complaint Mr. Lopez's January 25, 2012 letter.  *See* Compl. Attach. B at 1-2.  That letter, which is incorporated by reference into the complaint and may be considered without converting defendant's RCFC 12(b)(6) motion to dismiss into a motion for summary judgment, *see Toon*, 96 Fed. Cl. at 298-99, set forth the agency's justification for terminating Mr. Pucciariello's DAR appointment.  The agency's bases for termination included its determination that Mr. Pucciariello had demonstrated during a meeting with FAA personnel on January 18, 2012 that he lacked understanding of FAA regulations and regulatory guidance pertaining to the inspection and testing of civilian aircraft, which resulted in his failure to properly discharge his DAR duties relating to the export of a helicopter to Brazil.  *See* Compl. Attach. B at 1-2.

Plaintiff alleges no facts from which the court can reasonably infer that the FAA's stated reasons for terminating Mr. Pucciariello's DAR appointment, as set forth in Mr. Lopez's January 25, 2012 letter, were incorrect or pretextual.  Although plaintiff alleges, in paragraph 18 of his complaint, that "[t]he FAA's alleged reasons for the termination of Plaintiff's DAR are without merit," that allegation is no more than a "label" or "conclusion" that is not entitled to the presumption of truth afforded to well-pleaded factual allegations.  *Iqbal*, 556 U.S. at 678 (citation omitted).  The same is true of plaintiff's bald and unsupported assertion, in his response brief, that he had "at all times satisfied the applicable regulatory requirements and was otherwise qualified to hold the DAR."  *See* Pl.'s Resp. at 12.

Finally, with respect to plaintiff's argument that the FAA "breached the settlement agreement by failing to give Plaintiff an adequate hearing at which he could refute the basis for his DAR non-renewal," *see* Pl.'s Resp. at 12, plaintiff has not identified any provision of the agreement requiring the FAA to utilize certain procedures in terminating Mr. Pucciariello's DAR appointment, nor did plaintiff allege the existence of any such provision in his complaint.  Mr. Pucciariello has therefore failed to allege facts plausibly suggesting any contractual obligation on the part of the FAA to afford Mr. Pucciariello the particular procedural protections he alleges were due him.

For all of the foregoing reasons, the court concludes that plaintiff has failed to state a claim upon which relief can be granted with respect to his claim for breach of the settlement agreement.  That claim must therefore be dismissed pursuant to RCFC 12(b)(6), even if the court were to assume jurisdiction over the claim.

### 2.    Plaintiff Has Failed to State a Claim for a Fifth Amendment Taking

The government also contends that Mr. Pucciariello's takings claim should be dismissed for failure to state a claim.  In that regard, defendant first argues that plaintiff has failed to allege sufficient facts from which the court may reasonably infer that Mr. Pucciariello has a cognizable property interest in his DAR appointment that could be the subject of a valid takings claim under the Fifth Amendment.  *See* Def.'s Mot. at 18-19; Def.'s Reply at 6.  In addition, defendant argues that, even if the court were to conclude that plaintiff sufficiently pleaded a cognizable property interest in his DAR appointment, plaintiff's takings claim should nevertheless be dismissed because it is premised upon allegedly unlawful governmental action.  *See* Def.'s Mot. at 19-20; Def.'s Reply at 6.  The court agrees, as set forth below.

The court evaluates whether plaintiff has stated a Fifth Amendment takings claim under a two-part test.  First, the court must determine whether plaintiff has established a property interest for purposes of the Fifth Amendment.  *E.g.*, *Acceptance Ins. Cos. v. United States*, 583 F.3d 849, 854 (Fed. Cir. 2009).  As to this first question, "'existing rules and understandings' and 'background principles' derived from an independent source, such as state, federal, or common law, define the dimensions of the requisite property rights for purposes of establishing a cognizable taking."  *Id.* at 857 (quoting *Conti v. United States*, 291 F.3d 1334, 1340 (Fed. Cir. 2002)).  Because the existence of a cognizable property interest is a threshold requirement for a valid takings claim, "[i]f the claimant fails to demonstrate the existence of a legally cognizable property interest, the court[']s task is at an end."  *Am. Pelagic Fishing Co. v. United States*, 379 F.3d 1363, 1372 (Fed. Cir. 2004) (citation omitted).  Only if the court concludes that a cognizable property interest exists does it then proceed to the second step, which is to determine whether the governmental action at issue amounts to a compensable taking of that property.  *Acceptance Insurance*, 583 F.3d at 857.

In this case, the court need not proceed past the first step, as plaintiff has failed to establish a cognizable property interest.  To have a property interest cognizable under the Fifth Amendment, a plaintiff "'must have more than a unilateral expectation . . . .  He must, instead, have a legitimate claim of entitlement . . . .'"  *Members of Peanut Quota Holders Ass'n v. United States*, 421 F.3d 1323, 1330 (Fed. Cir. 2005) (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)).  Here, Mr. Pucciariello asserts a property interest in his DAR appointment.  *See* Compl. ¶ 11 (alleging that "[t]he settlement agreement between Plaintiff and Defendant created a property right and property interest in Plaintiff's DAR").  Yet, as recognized by at least two federal courts of appeals as well as this court, designations of authority by the FAA under 49 U.S.C. § 44702 do not create cognizable property interests under the Fifth Amendment because they are terminable at the discretion of the FAA Administrator.  *See Lopez v. Fed. Aviation Admin.*, 318 F.3d 242, 249 (D.C. Cir. 2003) (holding that an engineer had no property right in his appointment by the FAA as a designated engineering representative) (citation omitted); *Fried v. Hinson*, 78 F.3d 688, 692 (D.C. Cir. 1996) (holding that a pilot examiner had no cognizable property interest in the renewal of his pilot examiner designation); *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 976 (9th Cir. 1994) (same); *Mike's Contracting*, 92 Fed. Cl. at 307-10 (holding that a helicopter owner lacked a cognizable property interest in his airworthiness certificate for purposes of a Fifth Amendment takings claim); *see also* 49 U.S.C. § 44702(d)(2) (stating that the FAA Administrator may rescind, or choose not to renew, appointments under that section "at any time for any reason the Administrator considers appropriate").  As such, designees under 49 U.S.C. § 44702 serve at the FAA's discretion and therefore have no more "'than a unilateral expectation'" of renewal.  *Lopez*, 318 F.3d at 249 (quoting *Roth*, 408 U.S. at 577).

Any doubt that DARs lack a property interest in their designation is clarified by the FAA's regulatory guidance, which states that "[a] designation is a privilege, not a right," and "therefore[] the Administrator has the authority to terminate a delegation for any reason."  FAA Order 8100.8D, ¶ 1108(a); *see also id.* ¶ 1414 (stating that "renewal of any designee appointment is at the option and sole discretion of the FAA").  Based upon these background principles of law, the court concludes that Mr. Pucciariello has no cognizable property interest in his DAR appointment.

In an attempt to distinguish the authorities holding that designations pursuant to 49 U.S.C. § 44702 are not cognizable property interests under the Fifth Amendment, plaintiff contends that his DAR appointment is different because it was conferred by his settlement agreement, which plaintiff asserts prohibited termination or nonrenewal except for "cause." *See* Pl.'s Resp. at 12. Yet, as the court has already found, the settlement agreement cannot reasonably be read as displacing the statutory and regulatory framework vesting in the FAA Administrator unfettered discretion to terminate or refuse to renew DAR appointments. Moreover, plaintiff cites no authority, and the court has found none, supporting the notion that designations of authority under 49 U.S.C. § 44702 are converted from privileges to rights merely because they are conferred by contract. Plaintiff has therefore failed to establish a cognizable property interest under the Fifth Amendment.[16]

Furthermore, the court agrees with defendant that even if plaintiff could demonstrate a cognizable property interest in his DAR appointment, he nevertheless fails to state a valid takings claim because his claim is premised upon the FAA's alleged violation of its regulations. The gravamen of plaintiff's takings claim is his allegation that the FAA unlawfully terminated his DAR appointment

---

[16]/   In support of his contention that he possesses a cognizable property interest in his DAR appointment for purposes of a Fifth Amendment takings claim, Mr. Pucciariello cites to several precedential and non-precedential decisions addressing the procedural due process protections afforded to federal employees with "for-cause" employment contracts. *See* Pl.'s Resp. at 13 (citing *Fed. Deposit Ins. Corp.*, 940 F.2d at 474-75, *Polos*, 621 F.2d at 389-90, and *Terry*, 499 F.2d at 702). However, as explained *supra* and as demonstrated by numerous federal court decisions cited in defendant's reply brief, *see* Def.'s Reply at 3-4, DARs are not federal employees, *see, e.g.*, *Charlima*, 873 F.2d at 1081 (citation omitted). Moreover, the court has already found that plaintiff's settlement agreement does not contain a "for-cause" limitation on the termination or nonrenewal of Mr. Pucciariello's DAR appointment. Therefore, plaintiff's reliance upon decisions involving "for-cause" employment contracts is unavailing.

Plaintiff also relies upon several district court decisions addressing whether FAA designees possessed cognizable property interests in their certificates of authority for purposes of procedural due process claims. *See* Pl.'s Resp. at 13-14 (citing *Green v. Brantley*, 719 F. Supp. 1570, 1575-76 (N.D. Ga. 1989), and *White v. Franklin*, 637 F. Supp. 601, 610 (N.D. Miss. 1986)). Those cases are likewise inapposite because, as explained *supra*, this court lacks Tucker Act jurisdiction over such due process claims. *See, e.g.*, *Smith*, 709 F.3d at 1116 (citing *LeBlanc*, 50 F.3d at 1028).

by failing to follow applicable regulations and internal procedures governing the termination of such appointments.  *See* Compl. ¶¶ 11-18; *see also id.* ¶ 1 (asserting that "[t]his is an action for 5th Amendment taking of property without just compensation, and without complying with procedural due process and written procedural rules and regulations designed to protect Plaintiff"), ¶¶ 9-10 (alleging that the FAA terminated Mr. Pucciariello's DAR appointment "without due process or cause," and in an "arbitrary" and "capricious" manner).  The Federal Circuit has held that such allegations do not state a claim for a Fifth Amendment taking.  *See Acadia Tech., Inc. v. United States*, 458 F.3d 1327, 1330-31 (Fed. Cir. 2006) (stating that "plaintiff's assertion that [the U.S. Customs Service's] actions ran afoul of the Customs statutes . . . does not form the basis for a legal claim under the Takings Clause of the Fifth Amendment") (citation omitted); *Lion Raisins, Inc. v. United States*, 416 F.3d 1356, 1369 (Fed. Cir. 2005) ("We have made clear that a claim premised on a regulatory violation does not state a claim for a taking." (citing *Rith Energy, Inc. v. United States*, 247 F.3d 1355, 1366 (Fed. Cir. 2001))).

In sum, because plaintiff has failed to establish a cognizable property interest under the Fifth Amendment, and because his takings claim is premised upon allegedly unlawful governmental action, his takings claim must be dismissed pursuant to RCFC 12(b)(6) for failure to state a claim, even if the court were to assume jurisdiction over that claim.

## CONCLUSION

For all of the foregoing reasons, the court concludes that it lacks subject matter jurisdiction over plaintiff's claims.  In addition, the court concludes that even if it did possess jurisdiction, plaintiff has failed to state a claim upon which relief can be granted.  Plaintiff's complaint must therefore be dismissed.

Accordingly, it is hereby **ORDERED** that

(1)     Defendant's Motion to Dismiss, filed November 18, 2013, is **GRANTED**;

(2)     The Clerk's Office is directed to **ENTER** final judgment in favor of defendant, **DISMISSING** the complaint without prejudice; and

(3)     Each party shall bear its own costs.


/s/Lynn J. Bush
LYNN J. BUSH
Senior Judge